374 So.2d 1051 (1979)
SEARS, ROEBUCK & COMPANY, a Foreign Corporation, and Roper Corporation, a Foreign Corporation, Petitioners,
v.
Lana STANSBURY, by and through Glynn Stansbury, As Father and Next Friend, Respondents.
No. 79-413.
District Court of Appeal of Florida, Fifth District.
August 8, 1979.
Rehearing Denied October 5, 1979.
*1052 James L. Simon and Michael P. McMahon of Akerman, Senterfitt & Eidson, Orlando, for petitioners.
Roy B. Dalton, Jr. of Dean, Ringers, Morgan & Lawton, P.A., Orlando, for respondents.
John M. Robertson of Robertson, Williams, Duane, Lewis, Briggs & Ranson, P.A., Orlando, for Dean, Ringers, Morgan & Lawton, P.A.
PER CURIAM.
Sears, Roebuck & Company is joined by its co-defendant, Roper Corporation, in seeking through petition for writ of certiorari review of an order of the trial court denying their motion to force the removal of plaintiff's attorney and his firm from the case on the ground that confidences were made known to a senior partner in the firm at an earlier time as an attorney representing these defendants in a similar suit.
In 1969 a lawsuit was filed against Sears, Roebuck & Company and Roper alleging negligent design in the manufacture of a Craftsman rotary power lawnmower, which Roper had designed and manufactured for Sears. The case was styled Zanotelli v. Sears, Roebuck & Co., Case No. 69-5032 (Fla. 9th Cir. Orange County). In 1972 Mr. Goble Dean, presently with the firm of Dean, Ringers, Morgan and Lawton, P.A., entered an appearance in the Zanotelli case as counsel for Roper and actively undertook the representation of Roper. Mr. Dean's responsibilities encompassed discovery, preparation for trial and the conduct of Roper's defense at trial.
During the course of his representation of Roper in Zanotelli, Mr. Dean conferred with Bruce Pashley, Esq., Roper's in-house counsel responsible for the Zanotelli defense, and with George C. Clarke, the engineer who, while employed by Roper, designed the lawnmower involved in Zanotelli and who, after leaving Roper, had been retained by Roper and Sears as their expert witness.
Subsequently, in 1978, Sears and Roper were sued by Lana Stansbury, by and through Glynn Stansbury, for personal injuries allegedly caused by a defect in a Craftsman rotary power lawnmower designed by Mr. Clarke while he was employed by Roper, and manufactured by Roper for Sears. The plaintiff in this matter is represented by Roy B. Dalton, Esq., of the *1053 firm of Dean, Ringers, Morgan & Lawton, P.A.
Sears and Roper filed a motion to require the law firm of Dean, Ringers, Morgan & Lawton to withdraw from the instant case on the ground that such representation was inimical to the dictates of Canons 4 and 9 of the Code of Professional Responsibility. In support of their motion, Sears and Roper filed affidavits of George C. Clarke and Bruce E. Pashley, Esq., Roper's in-house counsel, both of whom swore that certain confidential information relating to design, engineering and testing techniques used by Roper in the manufacture of its lawnmowers for Sears, had been given to Mr. Dean during the Zanotelli case. A hearing was scheduled at which counsel for Roper and Sears made it known that, because of prior commitments, George C. Clarke would not be made available to testify at the motion hearing. Roper and Sears took the position that the affidavits of record were sufficient to require the respondents to offer evidence in rebuttal. The trial court declined to immediately rule on the motion and allowed Roper and Sears one week in which to produce live or deposition testimony in support of their motion. Thereafter, the court and counsel for respondents were informed that Mr. Clarke would not be produced by the deadline set by the court, and advised that Sears and Roper continued to rely upon the affidavits previously filed. The trial court then denied the motion. This appeal then followed.
The obligation of an attorney to preserve the confidences and secrets of a client lies at the very foundation of the attorney-client relationship and has been recognized not only in Florida's Code of Professional Responsibility, but also in jurisdictions throughout the United States. Canon 4, Fla.Code Prof.Resp.; Canon 4, ABA Code of Prof.Resp.; see, e.g., Reardon v. Marlayne, Inc., 163 N.J. Super. 529, 395 A.2d 255 (1978); Government of India v. Cook Industries, Inc., 569 F.2d 737 (2d Cir.1978); Fred Weber, Inc. v. Shell Oil Co., 566 F.2d 602 (8 Cir.1977), cert. denied 436 U.S. 905, 98 S.Ct. 2235, 56 L.Ed.2d 403 (1978); Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp., 370 F. Supp. 581 (E.D.N.Y. 1973). An attorney is forbidden to use a confidence or secret of a client to the client's disadvantage or to use a confidence or secret, absent informed consent by the client, for the attorney's own benefit or the benefit of a third person. DR 4-101(B)(2) & (3), Fla.Code Prof.Resp. The existence of the attorney-client relationship raises an irrefutable presumption that confidences were disclosed. In re Yarn Processing, 530 F.2d 83 (5th Cir.1976); T.C. Theatre Corp. v. Warner Bros. Pictures, 113 F. Supp. 265 (S.D.N.Y. 1953). Further, the presumed access of a partner to confidential information imputes knowledge of that information to others in his firm. Laskey Bros. of W. Va., Inc. v. Warner Bros. Pictures, Inc., 224 F.2d 824 (2d Cir.1955); Fred Weber, Inc. v. Shell Oil Co., supra. Requiring the disqualification of an attorney is, however, a matter of no small consequence. Andrews v. Allstate Ins. Co., 366 So.2d 462 (Fla. 4th DCA 1978). Thus, before a client's former attorney will be disqualified from representing a party whose interests are adverse to the former client's, the former client must show that the matters embraced in the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client. T.C. Theatre Corp. v. Warner Bros. Pictures, supra; Reardon v. Marlayne, Inc., supra; In re Yarn Processing, supra.
In the instant case, the affidavits filed on behalf of Sears and Roper establish that there is indeed a substantial relationship between the Zanotelli case and the instant litigation. We have little doubt that the trial court was also aware of the striking similarities between this case and the one at which Mr. Dean functioned as attorney for Sears and Roper. Considering the degree of Mr. Dean's participation in the former litigation, it is somewhat surprising that Mr. Dean did not take it upon himself to withdraw his firm's representation so as to make this entire proceeding unnecessary. So obvious is the connection *1054 between the two respective cases and so clear is the present status of the law as set forth in the foregoing citations and other cases too innumerable to list, that it must be assumed that the learned trial court's ruling was based entirely upon his perception of the inadequacy of the affidavits offered by Sears and Roper in support of their motion.
The affidavits submitted in this case show that an attorney-client relationship was established between Roper and Mr. Dean in the Zanotelli litigation. This fact then gave rise to the irrefutable presumption that confidences were disclosed to Mr. Dean during the course of that relationship. Thus, the only matter left for the trial court to consider was whether the instant case is substantially similar to the Zanotelli case. To aid the judge in this task, Sears and Roper submitted several pleadings from the Zanotelli case along with the affidavits. Thus, there was ample material presented upon which the trial court could base a finding of substantial similarity between the two cases.
The trial court apparently has misconstrued our holding in Holland v. Tenenbaum, 360 So.2d 493 (Fla. 4th DCA 1978) In Holland, both movant and respondent presented conflicting affidavits regarding an attorney's disqualification. Thus, in order to resolve the conflict, we ordered an evidentiary hearing. In the instant case, no affidavits have apparently been offered on behalf of respondents in rebuttal of the facts sworn to in the appellants' affidavits. Thus, absent a conflict on material issues of fact raised by opposing affidavits, there is no requirement that further testimony be offered in support of the motion to disqualify counsel. There was ample evidence presented to the court from which a finding of substantial similarity between the two cases could be based. The trial court erred in requiring the appellants to present the testimony of Mr. Clarke.
We recognize that disqualification of counsel is an extremely serious matter. Thus, on remand respondents should have an opportunity to present counter-affidavits to refute either the former existence of the attorney-client relationship or the substantial similarity between the two cases.
Accordingly, certiorari is granted, the order is quashed, and the cause is remanded for further proceedings consistent with the views herein expressed.
CROSS, C.J., and ANSTEAD, HARRY LEE, Associate Judge, concur.
DAUKSCH, J., dissents with opinion.
DAUKSCH, Judge, dissenting:
I respectfully dissent. In my opinion the parties have had ample opportunity to present all the evidence they cared to present and it is without question there was a substantial, and essentially unrebutted, conflict of interests proved. I would quash the order without further proceedings.