436 So.2d 305 (1983)
Leslie Michelle FORD, etc., et al., Petitioner,
v.
PIPER AIRCRAFT CORPORATION, etc., and F.I.T. Aviation, Inc., Etc., Respondents.
No. 83-621.
District Court of Appeal of Florida, Fifth District.
August 4, 1983.
*306 Fred Denius, Indialantic, for petitioner.
Russell K. Dickson, Jr., of Akerman, Senterfitt & Eidson, Orlando, for respondent, Piper Aircraft Corp.
Michael R. Levin, of Rumberger, Kirk, Caldwell, Cabannis & Burke, P.A., Orlando, for respondent, F.I.T. Aviation, Inc.

ON PETITION FOR WRIT OF CERTIORARI
DAUKSCH, Judge.
Petitioner filed the petition for certiorari seeking review of an order which granted respondent F.I.T. Aviation, Inc's motion to disqualify counsel of petitioner. The order concisely states the court's findings:
1. Before or during the month of June, 1982, Fred Denius represented F.I.T. Aviation, Inc. and Jerry Lauderbaugh, individually, in an action which was brought by a former student at F.I.T. Aviation, Inc. The action was styled John Tzikos v. F.I.T. Aviation, Inc. and Jerry Lauderbaugh, individually, Case No. 82-5796-CA-B.
2. In July of 1982, on behalf of Leslie Michelle Ford, etc., et. al., Fred Denius filed the initial complaint commencing Case No. 82-5948-CA-F.F.I.T. Aviation, Inc. was not named as a defendant at this time.
3. On October 5, 1982, F.I.T. Aviation, Inc., was served with process and named as a party defendant in Case No. 82-5948-CA-F.
4. In November, 1982, Fred Denius officially withdrew as counsel for F.I.T. Aviation, Inc. in the Tzikos case, Case No. 82-5796-CA-B, and other counsel was substituted in his place.
5. During Fred Denius' representation of F.I.T. Aviation, Inc. in Tzikos v. F.I.T. Aviation, Inc., Case No. 82-5796-CA-B, Mr. Denius conducted his investigation into the crash of Piper Cherokee N56731, which is the subject matter of the present litigation in Case No. 82-5948-CA-F.
6. Frank Litz, an investigator hired by Fred Denius, took a recorded statement from Jerry Lauderbaugh, President of F.I.T. Aviation, Inc., to aid Mr. Denius' investigation into the crash of Piper Cherokee N56731.
7. While Fred Denius was representing F.I.T. Aviation, Inc., in the Tzikos case, Case No. 82-5796-CA-B, Mr. Denius obtained documents relating to the subject *307 matter of the present case, Case No. 82-5948-CA-F, pursuant to a subpoena duces tecum without deposition.
8. The affidavit of Jerry Lauderbaugh indicates that while Fred Denius represented F.I.T. Aviation, Inc. in the Tzikos case, he discussed with Jerry Lauderbaugh matters relating to the crash of Piper Cherokee N56731, which is the subject matter of the present case.
9. The information obtained by Fred Denius during his prior representation of F.I.T. Aviation, Inc. in Case No. 82-5796-CA-B was substantially related to the subject matter of the present litigation, Case No. 82-5948-CA-F.
10. In accordance with Sears Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979), there is an irrebutable presumption that the information obtained by Fred Denius during his prior representation was protected by Canon 4 of the Code of Professional Responsibility.
Denius caused F.I.T. Aviation to be joined as a defendant after Jerry Lauderbaugh discharged him from representing F.I.T. Aviation in the Tzikos case. The complaint in the Ford case had been filed while Denius was still representing F.I.T. Aviation in the Tzikos case. Respondents claim that Denius gathered information concerning the weight and balance characteristics of the Ford aircraft while he was representing F.I.T. in the Tzikos case, in anticipation of litigation on behalf of Ford's estate.
In support of their motion to disqualify Denius, F.I.T. Aviation filed an affidavit of Jerry Lauderbaugh. The affidavit states that Denius was given access to F.I.T.'s documents concerning the plane and was provided detailed information about the weight and balance characteristics of the subject plane. At the hearing on the motion, Denius argued that there were no confidences or secrets obtained during his representation of F.I.T. in the Tzikos case pertaining to the Ford case. Denius prepared a counter affidavit refuting the Lauderbaugh affidavit.
The obligation of an attorney to preserve the confidences and secrets of a client lies at the very foundation of the attorney-client relationship. An attorney is forbidden to use a confidence or secret of a client to the client's disadvantage or to use a confidence or secret, absent informed consent by the client, for the attorney's own benefit or the benefit of a third person. The existence of the attorney-client relationship raises an irrefutable presumption that confidences were disclosed. Requiring the disqualification of an attorney is, however, a matter of no small consequence. Before a client's former attorney will be disqualified from representing a party whose interests are adverse to the former client's, the former client must show that the matters embraced in the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client. Sears, Roebuck & Co. v. Stansbury,[1] 374 So.2d 1051 (Fla. 5th DCA 1979) and cases cited therein.
The basic purpose of the trial court is to afford litigants an impartial forum in which their complaints and defenses may be presented, heard and decided with fairness. The trial court may decide, after consideration of a motion alleging sufficient facts which, if true, would warrant removal of opposing counsel, that removal is mandated. The purpose of the hearing is not to determine whether there has been a breach of the CPR but whether, because of such breach, one party has an unfair advantage *308 on the other which can only be eliminated by removing the attorney. Pantori v. Stephenson, 384 So.2d 1357 (Fla. 5th DCA 1980).
In the present case, a hearing was held on the motion. The respondent's motion and accompanying affidavit alleges the necessary substantial relationship between the confidences disclosed to Denius when he represented F.I.T., and the expertise at issue in the present case. No evidence other than the affidavit and testimony of Denius was presented to rebut the inferences of the substantial relationship, and at the hearing Denius apparently did not make any motion for additional time within which to present witnesses or obtain counter-affidavits. See Trautman v. General Motors Corporation, 426 So.2d 1183 (Fla. 5th DCA 1983). [Affidavit submitted in support of defense motion for disqualification of plaintiff's attorney in products liability action against truck manufacturer was sufficient, standing alone, to warrant his disqualification, notwithstanding lack of factual specificity, where it was unrebutted and inference was readily available from affidavit of substantial relationship between expertise formerly confided to plaintiff's attorney as manufacturer's counsel and expertise at issue].
The petition is denied as petitioner has failed to show a clear departure from the essential requirements of law. The trial court acted correctly in granting the motion for disqualification as petitioner failed to rebut the strong showing of a substantial relationship between the confidences disclosed to Denius when he represented F.I.T., and the expertise at issue in the Ford case.
Petition for Writ of Certiorari denied.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.
NOTES
[1] In that case, attorney Dean represented Roper Corp. in 1972 in an action against Roper and Sears wherein it was contended that a lawnmower was negligently designed by Roper and manufactured by Roper for Sears. During this representation Dean conferred with Roper's house counsel and the engineer who designed the lawnmower. Later, in 1978, Dean's law firm undertook representation of a plaintiff suing Sears and Roper based upon a defect in design of a lawnmower designed by the same engineer for Roper. Affidavits filed by Sears and Roper showed that confidential information relating to design, engineering and testing techniques used by Roper in making the mower for Sears had been given to Dean in the earlier case.