# KUSNER v W. C. INVESTMENTS, INC.

## Case No. 87-6219 CJ

Seventeenth Judicial Circuit, Broward County

May 12, 1988

### APPEARANCES OF COUNSEL

**Michael Rifkin** for plaintiff.

**Jeffrey M. Bell** for defendant.

### OPINION OF THE COURT

J. LEONARD FLEET, Circuit Judge.

### *ORDER DENYING MOTION TO DISQUALIFY*

THIS CAUSE came on to be heard on April 6, 1988, on Plaintiff's Motion to Disqualify the law firm of Taylor, Brion, Buker & Greene from representation of the Defendant herein. Based upon the evidence

and testimony presented, argument of counsel and memoranda of law, the Court finds as follows:

### Findings of Fact

This action was brought by the Plaintiff, Nelson Kusner ("Kusner"), against the Defendant, W.C. Investments, Inc., for sums allegedly due Kusner pursuant to a promissory note executed by W.C. Investments. W.C. Investments is represented by the law firm of Taylor, Brion, Buker & Greene.

Taylor, Brion, Buker & Greene had formerly represented Kusner in a prior civil action, American Minerals, Inc. v. Nelson Kusner, Manmex, Inc., and NK Industries, Inc., Dade County Circuit Court Case No. 84-19670. The nature of the prior representation was the interpretation of a covenant not to compete within a contract between Kusner and American Minerals. No evidence has been presented before the Court which shows that the prior representation of Kusner by Taylor, Brion, Buker & Greene is related to the present case or that Taylor, Brion, Buker & Greene has information relating to the representation which could be used to the disadvantage of Kusner.

### Conclusions of Law

The controlling provision of the Rules Regulating the Florida Bar on the issue of disqualification is Rule 4-1.9:

> Conflict of interest; former client. A lawyer who has formerly represented a client in a matter shall not thereafter: (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) Use information relating to the representation to the disadvantage of the former client except as Rule 4-1.6 would permit with respect to a client or when the information has become generally known.

The newly enacted Rules Regulating the Florida Bar are more detailed on this issue than the former Florida Code of Professional Responsibility. Under the Code of Professional Responsibility, which was modeled after the A.B.A. Code of Professional Responsibility, Canon 4 provided that a "lawyer should preserve the confidences and secrets of a client" and Canon 9 provided that a "lawyer should avoid even the appearance of professional impropriety."

Pursuant to Canons 4 and 9 of the Florida Code of Professional Responsibility and the A.B.A. Code of Professional Responsibility, the

court of Florida and federal courts adopted a test to be utilized in disqualification matters:

> [W]here an attorney represents a party in a matter in which the adverse party is that attorney's former client, the attorney will be disqualified if the subject matter of the two representations are "substantially related."

*Dodson v. Floyd,* 529 F.Supp. 1056, 1060 (N.D. Ga. 1981), and cases cited therein, including *T.C. Theatre Corp. v. Warner Bros. Pictures, Inc.,* 113 F.Supp. 265 (S.D.N.Y. 1953) (genesis of substantial relationship test).

The "substantial relationship" test was adopted by the courts of Florida under the former Code of Professional Responsibility. The Fifth District in *Sears, Roebuck & Company v. Stansbury,* 374 So.2d 1051 (Fla. 5th DCA 1979) relied upon the *T.C. Theatre* case and other federal cases in ruling:

> Thus, before a client's former attorney will be disqualified from representing a party whose interests are adverse to the former client's, *the former client must show* that the matters embraced in the pending suit are *substantially related* to the matters or cause of action wherein the attorney previously represented him, the former client.

*Stansbury,* 374 So.2d at 1053 (emphasis added); *see also, Ford v. Piper Aircraft Corp.,* 436 So.2d 305, 207 (Fla. 5th DCA 1983) (same).

The substantial relationship test which was fashioned by the federal courts from the A.B.A. Code, and adopted by the Florida Courts interpreting the Florida Code, now is delineated in the Rules Regulating the Florida Bar. As described above, Rule 4-1.9(a) codifies the substantial relationship test which the courts, both state and federal, had been using for several years. The codification of this judicially created test does not alter the controlling nature of the case decisions which have applied the substantial relationship test.

The Florida decisions applying the substantial relationship test recognize that it is the movant's burden to establish a substantial relationship between the former representation and the present matter. Both the *Stansbury* and *Ford* decisions hold that "the *former client must show* that the matters embraced in the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client." Clearly, the burden is on the party moving for disqualification to make this showing.

The placing of this burden on the movant follows a long line of

82

federal decisions which have done likewise. A detailed discussion of the placing of the burden in disqualification cases is found in *Duncan v. Merrill, Lynch, Pierce, Fenner & Smith,* 646 F.2d 1020 (5th Cir. 1981), wherein the court held:

> Thus, to disqualify his former counsel, the moving party must prove not only the existence of prior attorney-client relationship but also that there is a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary. The party seeking disqualification is not required, however, to point to specific confidences, revealed to his former attorney that are relevant to the pending case. Instead, he 'need only to show that the matters embraced within the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented him.' ([citations omitted]. Once the former client proves that the representations are 'substantially related', the court will irrebuttably presume that relevant confidential information was disclosed during the former period of representation. [citation omitted]. We find that the district court, though purporting to apply the substantial relationship test, strayed from the legal principles announced in our disqualification cases. As we have indicated, *the party seeking disqualification of hisformer counsel must bear the burden* of proving that the present and prior representations are substantially related. In this case the district court appears to have relieved Merrill Lynch of this burden. . . . Instead of requiring Merrill Lynch to prove that the present and former representations were substantially related, the court assigned Duncan the task of proving that the two representations were not substantially related. The court not only removed the burden of proof from Merrill Lynch but saddled Duncan with the burden of proving a negative. This interpretation of *Westinghouse* simply does not accord with the Fifth Circuit rule on where the burden of proof lies in a disqualification proceeding.

*Duncan,* 646 F.2d at 1028 (emphasis added).

Thus, the substantial relationship test delineated in Rule 4-1.9(a) requires that the burden be placed on the moving party. Otherwise, as the *Duncan* decision points out, W.C. Investments would be saddled with "the burden of proving a negative."

Just as the burden is placed upon the movant under the substantial relationship test of Rule 4-1.9(a), so too should the movant carry the burden under Rule 4-1.9(b) if that provision is applicable. Paragraph (b) provides that a lawyer shall not "use information relating to the representation to the disadvantage of the former client except as Rule

4-1.6 would permit with respect to a client or when the information has become generally known." Logically, if the substantial relationship test of paragraph (a) is not shown, a lawyer would not be in a position to use paragraph (b) information to the disadvantage of the former client. If the present and former matters are not substantially related, presumably the lawyer would have no information which could be used to the disadvantage of the former client. If such a circumstance could exist, however, it should be the former client's burden of proof. Otherwise, as pointed out in *Duncan,* the lawyer would be saddled with the obligation of proving a negative, i.e. that he does not have information which could be used to the disadvantage of the former client.

The only mention of burden of proof in the Rules Regulating the Florida Bar is found in the commentary to Rule 4-1.10. Rule 4-1.10 deals with imputed disqualification. The commentary to Rule 4-1.10 states:

> Application of paragraphs (b) and (c) [of Rule 4-1.10] depends on a situation's particular facts. In any such inquiry, the burden of proof should rest upon the firm whose disqualification is sought.

The imputed disqualification of Rule 4-1.10 hinges upon access to information. Thus, the commentary to the Rule makes clear that where a lawyer has general access to files of all clients, it should be inferred that the lawyer is privy to all information about the firm's clients. However, where a lawyer has access to the files of only a limited number of clients, in the absence of information to the contrary, "it should be inferred that such a lawyer in fact is privy to information about the clients actually served but not those of other clients."

The commentary to Rule 4-1.10 thus reasons that where a firm or lawyer seeks to avoid disqualification because of a *lack of access to information,* that firm or lawyer should carry the burden of showing this lack of access. This makes sense because the law firm is the only one which has the ability to show lack of access. The reasoning of *Duncan* is equally appropriate under these circumstances: the party moving for disqualification should not be saddled with the burden of proving a negative.

Rule 4-1.10 on imputed disqualification comes into play once the criteria of Rule 4-1.9 on conflict of interest have been met. A movant for disqualification must first carry the burden of showing a Rule 4-1.9 conflict; then, if a firm or lawyer seeks to avoid imputed disqualification under Rule 4-1.10, that firm or lawyer must carry the burden of showing lack of access to information.

84

In the instant case, the Plaintiff has failed to carry his burden under Rule 4-1.9 of showing a substantial relationship between the former representation and the present litigation. During the evidentiary hearing, the Plaintiff was unable to point to any connection, let alone a substantial relationship, between the former representation, which was a lawsuit over a covenant not to compete, and the present litigation, which is a suit on a totally unrelated promissory note.

It is therefore ORDERED AND ADJUDGED:

That Plaintiff's Motion to Disqualify is denied. Defendant shall have 10 days within which to respond to the Complaint.

DONE AND ORDERED in Fort Lauderdale, Broward County, Florida, this 12th day of May, 1988.