641 So.2d 417 (1994)
Ernesto TUAZON, Petitioner,
v.
ROYAL CARIBBEAN CRUISES, LTD., Respondent.
No. 94-671.
District Court of Appeal of Florida, Third District.
June 21, 1994.
Clarification Denied August 31, 1994.
Luis A. Perez, Miami, for petitioner.
Canning, Murray & Peltz and Robert D. Peltz and Brian P. Knight, Miami, for respondent.
Before SCHWARTZ, C.J., and BASKIN and GREEN, JJ.
PER CURIAM.
The plaintiff in a Jones Act action against the Royal Caribbean cruise line seeks certiorari review of an order[1] disqualifying his counsel on grounds that he had access to confidential information as to substantially similar matters brought by other seamen while previously acting as an adjuster for the *418 cruise line. In our view, the showing to this effect adduced below fully justified the trial court's decision. See State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 630 (Fla. 1991); Lackow v. Walter E. Heller & Co. Southeast, 466 So.2d 1120 (Fla. 3d DCA 1985); Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979); American Motors Corp. v. Huffstutler, 61 Ohio St.3d 343, 575 N.E.2d 116 (1991) (prior employment as engineer for car company disqualified later-admitted attorney as expert witness or consultant for plaintiffs in cases involving similar issue).
Certiorari denied.
NOTES
[1] Defendant's Motion to Disqualify Plaintiff's Counsel is granted.
Rule 4-1.9(b) (Rules of Professional Conduct) of Rules Regulating The Florida Bar, does not permit the use of information relating to the representation of a client to the disadvantage of a former client.
The affidavits both in support and in opposition to the motion point out the fact that Plaintiff's attorney was functioning as an adjuster, not as an attorney (although during the period in question he became a member of the bar) and that this case was not at all involved in the duties of the Plaintiff's attorney while he was an adjuster. At first blush, it would appear that for those reasons disqualification would not be warranted or appropriate.
The cause for concern is the fact that Plaintiff's attorney worked as a claims adjuster for Nautical Services, Inc., the local claims agent for the Defendant's insurer. He adjusted, evaluated, investigated and handled claims on behalf of the Defendant, some of which claims were of the type involved in this case. Plaintiff's attorney (in his capacity as adjuster) was and (in his capacity as attorney) is privy to the confidential procedures and policies of the Defendant.
This falls squarely within the proscription of the rule. To suggest that because Plaintiff's attorney was not functioning as a lawyer when the confidential information was learned, or that the confidential information does not relate directly to this case, begs the issue.
The issue is, to paraphrase the rule, does the information (not generally known) put the Defendant at an unfair disadvantage? This court finds that it does.