685 So.2d 8 (1996)
ROYAL CARIBBEAN CRUISES, LTD., Petitioner,
v.
Elmer BUENAAGUA, Rene Nadela, Conrado Selorrio, and Timoteo Lower DiTalo, Respondents.
Nos. 96-765, 96-645, 96-569 and 95-3625.
District Court of Appeal of Florida, Third District.
October 30, 1996.
Rehearing Denied January 15, 1997.
*9 McIntosh, Sawran and Craven and Douglas M. McIntosh, Ft. Lauderdale; Canning, Murray & Peltz and Brian P. Knight, Miami, for petitioner.
Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin and Joel Eaton, Miami, for respondents.
Before SCHWARTZ, C.J., and LEVY and SHEVIN, JJ.
SHEVIN, Judge.
Royal Caribbean Cruises, Ltd. [RCCL], petitions for writs of certiorari seeking to quash four trial court orders denying RCCL's motions to disqualify plaintiffs' attorneys in four unrelated cases. We consolidated the cases for review purposes.[1] Contrary to RCCL's position, Tuazon v. Royal Caribbean Cruises, Ltd., 641 So.2d 417 (Fla. 3d DCA 1994), is not dispositive of the issues raised in the petitions. RCCL has not demonstrated a departure from the essential requirements of law; therefore, we deny certiorari.
Luis A. Perez was employed by Nautical Services, Inc., as an adjuster-in-training from November 1991, to December 1992. Nautical Services, an insurance claims management firm, was the local corresponding agent for RCCL's personal injury insurance carrier. As a trainee, Perez was asked to attend mediation sessions, summarize files, and write to attorneys regarding passenger and seamen claims.
In December 1992, Perez passed The Florida Bar examination. He left Nautical Services and commenced the private practice of law. Perez was never employed as an attorney by Nautical Services or RCCL. Tuazon, 641 So.2d at 417 n. 1.
On January 4, 1994, Elmer Buenaagua slipped and fell in the meat freezer on the RCCL ship Song of America. In May 1995, Perez, with Michael S. Olin as co-counsel, filed a lawsuit on Buenaagua's behalf against RCCL seeking Jones Act[2] damages. Nautical Services is no longer adjusting claims for RCCL and is not adjusting Buenaagua's claim.
In Buenaagua, RCCL moved to disqualify Perez under Rule 4-1.9, Rules Regulating the Florida Bar, and to disqualify Olin by imputation under Rule 4-1.10. RCCL asserted that, while serving as a Nautical Services employee, Perez had access to information which allegedly gave him an unfair advantage in this litigation because of the similarities among all Jones Act cases. RCCL also relied on Perez's disqualification in three previous Jones Act cases: Tuazon; Rubias v. Royal Caribbean Cruises, Ltd., 652 So.2d 829 (Fla. 3d DCA 1995); and Selorrio v. Royal Caribbean Cruises, Ltd., 652 So.2d 829 (Fla. 3d DCA 1995).[3] RCCL further asserted that any information Perez may have had access to had to be imputed to Olin, and Olin, as well, had to be disqualified. Judge Ramirez denied RCCL's motion finding that the evidence presented was insufficient to warrant disqualification.
Timoteo DiTalo slipped and fell in the pastry station near the main galley of RCCL's Nordic Prince in January 1995. Perez filed DiTalo's complaint against RCCL in August *10 1995, almost three years after leaving Nautical Services. Nautical Services is also not involved in adjusting this claim. RCCL's motion to disqualify Perez in this case, based on the same grounds as in Buenaagua, was denied by Judge Wetherington based on insufficient proof.
Rene Nadela and Conrado Selorrio were also injured on RCCL ships. Both men, represented by Olin, filed lawsuits against RCCL for Jones Act damages. Judges Rivkind and Wilson denied RCCL's motions to disqualify Olin by imputation because of his service as co-counsel with Perez in Buenaagua. RCCL petitioned for certiorari review in each case.
The threshold issue in these cases is whether RCCL's assertions mandate Perez's disqualification in Buenaagua and DiTalo. We conclude that Tuazon is distinguishable, and disqualification is not required. As the trial judges correctly observed, it has been almost four years since Perez left Nautical Services. Buenaagua's and DiTalo's accidents occurred after Perez resigned. Nautical Services and RCCL are no longer associated, and Nautical Services did not adjust these claims. RCCL has not demonstrated the substantial relationship between these cases and any prior cases. These factors remove Buenaagua and DiTalo from the scope of Tuazon, making Tuazon inapplicable.
Rule 4-1.9(a) requires disqualification when a lawyer who has formerly represented a client undertakes to "represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client...." (Emphasis added). State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So.2d 630 (Fla.1991). Although it is undisputed that no attorney-client relationship ever existed between Perez and RCCL or Nautical Services, resolution of these cases requires that we focus on whether the cases Perez had access to are substantially related to these cases.
Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979), and Trautman v. General Motors Corp., 426 So.2d 1183 (Fla. 5th DCA 1983), do not support the conclusion that a substantial relationship exists. In Stansbury and Trautman, the substantial relationship between the prior cases and the new litigation was startling, and the affidavits supporting disqualification established the substantial similarities with specificity. The only similarities RCCL alleges are that all the cases involve seamen's injuries. RCCL presents us only with the blanket assertion that all Jones Act cases are similar.
Moreover, RCCL did not demonstrate that the information Perez had access to gave him an unfair advantage. RCCL demonstrated that Perez worked on claims involving seamen injuries, but not that Perez has any advantage. The information required to try each of the cases, such as shipboard conditions, cleaning practices, maintenance procedures, can be obtained by counsel through discovery.
When considering a motion for disqualification, the "lawyer's involvement in a matter can also be a question of degree." R. Regulating Fla. Bar 4-1.9 cmt. (1992). "The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question." Id. The facts in these cases do not reveal that a "changing of sides in the matter in question" has occurred.
Any information Perez may have had access to four years ago will not necessarily be pertinent today. RCCL would have us believe that nothing has changed on board any of its ships so that the information that may have been available to Perez in 1992 remains completely pertinent today. We are not convinced that this is so.
Disqualifying an attorney is
a matter of no small consequence. Thus, before a client's former attorney will be disqualified from representing a party whose interests are adverse to the former client's, the former client must show that the matters embraced in the pending suits are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client. *11 Stansbury, 374 So.2d at 1053 (citations omitted). RCCL has not made such a showing. As the four learned trial judges discerned in these cases, RCCL's affidavits merely relate what every lawyer already knows: Jones Act cases are all similar. This is a basic principle of our jurisprudential system. All patent cases are similar; all bankruptcy cases are similar; indeed, all eviction, negligence and immigration cases, and all cases of any singular type share elements in common. The affidavits were insufficient to require disqualification.
This is not "a situation rife with the possibility of discredit to the bar and the administration of justice." K.A.W., 575 So.2d at 634. We decline RCCL's urging to follow Tuazon when the outcome would lead to an incorrect result. If RCCL's argument is carried to its logical conclusion, Perez would be forever barred from representing plaintiffs against RCCL regardless of any changes in circumstances.
We hold that the trial judges' orders did not depart from the essential requirements of law. RCCL has not met its burden of demonstrating that there is a substantial relationship between cases Perez may have had access to and the cases at issue today. Certiorari in Buenaagua and DiTalo is therefore denied. Further, we deny certiorari in Nadela and Selorrio because our decision makes it unnecessary to reach the issue of attorney Olin's imputed disqualification.
Certiorari denied.
NOTES
[1] This court consolidated the following cases: Royal Caribbean Cruises, Ltd. v. DiTalo, No. 95-3625 (Fla. 3d DCA filed Dec. 26, 1995); Royal Caribbean Cruises, Ltd. v. Selorrio, No. 96-569 (Fla. 3d DCA filed Mar. 7, 1996); Royal Caribbean Cruises, Ltd. v. Nadela, No. 96-645 (Fla. 3d DCA filed Mar. 13, 1996); Royal Caribbean Cruises, Ltd. v. Buenaagua, No. 96-765 (Fla. 3d DCA filed Mar. 22, 1996).
[2] 46 U.S.C.A.App. § 688 (West Supp.1996).
[3] In Rubias and Selorrio, the trial court granted RCCL's motions to disqualify Perez as plaintiffs' counsel based on Tuazon. This court denied Perez's petitions for certiorari to review the disqualification orders based on Tuazon.