722 So.2d 277 (1998)
Donnie E. EPLEE, Petitioner,
v.
Candice EPLEE, Respondent.
No. 98-2715
District Court of Appeal of Florida, First District.
December 28, 1998.
Bill Salmon, Gainesville, for petitioner.
Joye M. Clayton, Gainesville, for respondent.
WOLF, J.
Donald Eplee filed a petition for writ of certiorari to review an order disqualifying his attorney, Bill Salmon, from representing him in a dissolution of marriage action. The issue before us is whether the trial court departed from the essential requirements of law for which there is no adequate remedy at law by disqualifying petitioner's undersigned counsel. We grant the petition and quash the order of the trial court disqualifying petitioner's attorney.
Petitioner requested Mr. Salmon to represent him in his dissolution of marriage. Mr. Salmon, who had represented Mr. Eplee in a criminal case 16 years earlier, agreed to do so, but filed a motion to determine the existence of any conflict that would prevent him from representing petitioner. A hearing was held on the motion upon which the trial *278 court determined that while representing petitioner 16 years ago, Mr. Salmon advised petitioner's girlfriend (respondent) that she could claim spousal immunity and refuse to testify if she married petitioner. The trial court found that this advice established an attorney-client relationship between Mr. Salmon and respondent, and the court entered an order disqualifying Mr. Salmon from representing petitioner in the pending dissolution of marriage.
Orders granting or denying motions to disqualify a party's attorney may be appropriately reviewed by certiorari. See Kenn Air Corp. v. Gainesville-Alachua County Reg'l Airport Auth., 593 So.2d 1219, 1221 (Fla. 1st DCA 1992). In Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051, 1053 (Fla. 5th DCA 1979), the Fifth District Court of Appeal emphasized the gravity of disqualifying an attorney, and set forth the standard to be applied:
Requiring the disqualification of an attorney is ... a matter of no small consequence. Thus, before a client's former attorney will be disqualified from representing a party whose interests are adverse to the former client's, the former client must show that the matters embraced in the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client.
(Citations omitted). Applying that standard in Jenkins v. Harris Ins., Inc., 572 So.2d 1011 (Fla. 1st DCA 1991), this court granted a petition for certiorari upon finding that the disqualification of the party's counsel was not warranted where there was no evidence of a substantial relationship between the matters in the case at bar and those in the prior litigation, nor did counsel have access to any information during the former representation that would disadvantage the opponents in the current action.
In the instant case, Mr. Salmon's prior relationship with respondent only concerned her testimony as a witness against petitioner and her protection from liability to criminal prosecution. Although the advice of Mr. Salmon may have encouraged respondent to marry petitioner, respondent neither asserts that confidential matters were revealed, nor does respondent demonstrate how that advice is substantially related to the current dissolution proceeding.
We, therefore, grant the petition and quash the order requiring petitioner's attorney to disqualify himself.
WEBSTER and LAWRENCE, JJ., concur.