NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GALAXY FIREWORKS, INC., )
)
      Petitioner, )
)
v. )   Case No. 2D13-3114
)
STEVE KOZAR, )
)
      Respondent. )
_____ )

Opinion filed September 12, 2014.

Petition for Writ of Certiorari to the
Circuit Court for Hillsborough County;
Robert A. Foster, Jr., Judge.

Steven G. Mason of Steven G. Mason,
P.A., Altamonte Springs, for Petitioner.

Joe Gonzalez of Joe M. Gonzalez, P.A.,
Tampa, for Respondent.


NORTHCUTT, Judge.

      Galaxy Fireworks filed a lawsuit against Steve Kozar, alleging a breach of

a joint venture agreement and other causes of action involving the agreement. Kozar

moved to disqualify Galaxy's counsel, Steve Mason, on the ground that Mason had

represented Kozar in an earlier lawsuit in which Galaxy and Kozar had been sued by a

third person.  The court granted Kozar's motion.  Galaxy now petitions for a writ of certiorari seeking to quash the disqualification order.  We grant the petition.

In this case, Galaxy is suing Kozar and Carlos Serralles.  Mason represents Galaxy, his long-standing client, in the suit.  In three previous actions, Galaxy and Kozar were on the same side, while Serralles was on the opposing side.  In those suits, Serralles sought permanent injunctions restraining Galaxy and Kozar from selling fireworks at property on State Road 60 in Plant City, and he filed two tenant-eviction actions to remove Galaxy and Kozar from the same property.  Mason represented Kozar in those cases, although he characterizes this representation as one he undertook only as a courtesy to Galaxy.  He testified below that he never met Kozar during the earlier representation and that he never billed him for any services.

To disqualify an opposing party's counsel, a former client must first demonstrate that he or she had an attorney-client relationship with the lawyer.  State Farm Mut. Auto. Ins. Co. v. K.A.W., 575 So. 2d 630, 633 (Fla. 1991).  If that is established, an irrefutable presumption arises that confidences were disclosed in the relationship.  Id.  Here, the circuit court correctly found that Kozar had shown that he and attorney Mason had such a relationship.

But Kozar had another burden—he had to demonstrate that the matter in which Mason is now adverse to him is "the same or substantially related to" the matter in which Mason previously represented him.  See id.  Evidence of the relationship between the matters might include pleadings or other documents from the earlier case.  See Kenn Air Corp. v. Gainesville-Alachua Cnty. Reg'l Airport Auth., 593 So. 2d 1219,

1223 n.3 (Fla. 1st DCA 1992); Sears, Roebuck & Co. v. Stansbury, 374 So. 2d 1051, 1053 (Fla. 5th DCA 1979). If the litigation of the second matter might involve testimony or evidence presented in the first, those cases likely would be substantially related for disqualification purposes. See Key Largo Rest. v. T.H. Old Town Assocs., Ltd., 759 So. 2d 690, 693 (Fla. 5th DCA 2000) (holding that matters were substantially related when the evidence established that the first matter involved a landlord-tenant dispute that was eventually settled and the second matter involved litigation over the settlement agreement; the court considered the settlement agreement and the pleadings in both lawsuits); Ford v. Piper Aircraft Corp., 436 So. 2d 305 (Fla. 5th DCA 1983) (stating that lawyer representing an injured plaintiff was properly disqualified; lawyer had previously represented one of the defendants in a matter involving a crash of the same aircraft, and an affidavit established that he had discussed matters relating to the crash with that party).

To support his contention that the prior matters and the present one are substantially related, Kozar filed an affidavit along with a copy of a settlement agreement in one of the tenant-eviction cases filed by Serralles. He testified that the real property involved in the tenant-eviction cases was one of the properties covered in the joint venture agreement at issue in this case. The evidence also showed that Galaxy, Kozar, and Serralles are all in the business of selling fireworks. In other words, Kozar simply proved that one of the parties' retail locations is on property from which Serralles once endeavored to evict them.

-3-

What the evidence did not show was how the "matters involved" in this breach of contract case were related to the matters involved in the earlier injunction and tenant-eviction cases. The complaint in the instant case alleged that "Kozar announced to Galaxy . . . that he would no longer abide by or honor the [joint venture] agreement and that it was his intent to continue operating at the state Road 60 location without the participation, partnership, and property sharing that he and Galaxy had undertaken for many years." Thus the contract alleged to be breached in this litigation is not the lease agreement that formed the basis of the earlier suits.

Kozar's evidence did not establish that the landlord-tenant matters in which attorney Mason represented him in suits brought by Serralles were substantially related to the matters involved in the alleged breach of the joint venture agreement between Galaxy and Kozar. Because he failed to meet the second prong of the disqualification test, see K.A.W., 575 So. 2d at 633, the court departed from the essential requirements of law by disqualifying Mason.

The petition for writ of certiorari is granted. The order disqualifying attorney Mason from representing Galaxy in this case is quashed.

VILLANTI and CRENSHAW, JJ., Concur.