KELLY, CLIFTON M., Associate Judge.
This is an appeal from a final judgment for the defendant-appellee, Judy Miller, entered upon her motion to have the verdict for plaintiff-appellants set aside and for judgment in accordance with her motion for a directed verdict.
The subject of this case is an automobile collision. The appellants’ complaint alleges Mrs. Thorsell received injury after her car was struck by appellee, Mrs. Miller’s 1955 Oldsmobile, because of the negligent operation of its driver, appellee Joe Moye. Upon trial, the jury returned a substantial verdict for the appellants against both ap-pellees. The trial judge reserved ruling on appellees’ motion for a directed verdict until after the jury returned a verdict. After the verdict, the judge set it aside and directed a verdict for appellees because “there was no competent evidence introduced in the trial of this cause to establish that at the time of the accident * * * the defendant Judy Miller was the owner of the automobile involved.”
After this appeal was taken, appel-lees filed a preliminary motion to strike parts of appellants’ brief. Ruling was reserved on the motion until the appeal was heard on the merits. We have granted this motion. At trial, objection was sustained as to an alleged statement made by Mrs. Miller to an officer investigating the accident that she was the owner of the car. The rejection of this proffered testimony was not assigned as error, therefore, we cannot consider the testimony or the appellants’ argument in their brief connected therewith.
In response to appellants’ first point on appeal, the lower court correctly admitted exhibit No. 9 (a Georgia 1962 Vehicle Registration Certificate, not a title, purportedly assigning ownership to Joe Moye) into evidence. The appellants’ objection to the exhibit, that the appellees did not produce it at pre-trial conference, is unmeri-torious. The trial court did not abuse its discretion by admitting the exhibit into evidence at trial because the appellants were made aware of the exhibit at the time appel-lees’ depositions were taken and were evidently prepared for its introduction at trial.
Appellants’ second point on appeal has validity. We reinstated the jury verdict because we find that the trial court erred in setting it aside and in granting appel-lees’ motion for directed verdict.
A party moving for a directed verdict admits not only the facts established by the evidence presented but also every conclusion that a jury might reasonably infer from the evidence. Alessi v. Farkas, Fla.App.1960, 118 So.2d 658; Nelson v. Ziegler, Fla.1956, 89 So.2d 780. A court cannot grant a directed verdict after the jury’s verdict has been returned when the evidence is reasonably susceptible of supporting the issues presented. Cutchins v. Seaboard Air Line Railroad Co., Fla.1958, 101 So.2d 857; Good v. Ozer, Fla.App. 1958, 100 So.2d 204. A verdict should not be directed where there is a conflict in the evidence and the inferences to be drawn therefrom. Bayshore Dev. Co. v. Bondfoey, 1919, 75 Fla. 455, 78 So. 507, L.R.A.1918D, 889.
Although reasonable men might differ, it cannot be said that the evidence, with all reasonable inferences and deductions drawn therefrom, points to the conclusion that Mrs. Miller was not the owner of the 1955 Oldsmobile. The jury was specifically instructed not to return a verdict against Mrs. Miller unless they found her to be the owner of the Oldsmobile.
There was sufficient evidence for the jury to find that Mrs. Miller was the owner of the 1955 Oldsmobile at the time of the accident. Joe Moye, Mrs. Miller's son, never registered the car in his name *679 and his use of the car both before and after the June 21, 1962, alleged transfer of title (evidenced by exhibit No. 9) as well as her use, before and after, was the same.
At trial, each appellee was caught in a material conflict of testimony relating to his (her) possession or use of the car. Ap-pellee Moye, after saying he had possession of the Oldsmobile up to the time of the accident, said, on cross-examination, that he did not. He admitted, when he was asked in his deposition, “When did you take custody and possession of the automobile?” that he responded: “I am not claiming I took possession, but I had been driving the car quite awhile; worked on the car and rebuilt the engine, transmission. I had been driving it, and been driving the Plymouth also.” The Plymouth referred to was a 19S8 model that Mrs. Miller said belonged to her husband. There is no proof that she owned an automobile other than the 1955 Oldsmobile. The conflict in Mrs. Miller’s testimony occurred after her son testified. When Mrs. Miller was originally called as an adverse party by the appellants, she denied driving the Oldsmobile after the June 21,1962, alleged transfer. Later in the trial, after her son had testified that she drove the car after the alleged transfer just as she had done before, she, when called by defense counsel to the stand, admitted driving the Oldsmobile after the transfer. There were other sharp variances between the testimony of Joe Moye and Mrs. Miller and that of other witnesses as to how the accident occurred and the events and conditions bearing on its proximate cause.
These conflicts and variances in the evidence, as well as the inferences to be drawn from all the evidence, were properly submitted to the jury for its determination.
Mrs. Miller’s original title, not having been transferred, and her consistent use before and after the June 21, 1962, alleged transfer of title was prima facie evidence of her ownership of the car at the time of the accident. The testimony of each appellee, inconsistent in part, and exhibit No. 9, the Georgia Registration Certificate presented for appellees, did not so rebut appellants’ proof and every favorable inference taken therefrom so that there could be no sufficient basis for a verdict. See St. John v. Michaels, Fla.1965, 178 So. 2d 193.
We conclude that the cause must be reversed and the jury verdict reinstated with judgment thereon in accordance with the views herein expressed.
Reversed and remanded.
ALLEN, C. J., and SMITH, SHERMAN N., Jr., Associate Judge, concur.