312 So.2d 543 (1975)
KRAMLICH ASSOCIATES, INC., and the Insurance Company of North America, Appellants,
v.
Grace Evelyn ROBINS, Appellee.
No. V-465.
District Court of Appeal of Florida, First District.
May 20, 1975.
John N. Boggs, of Barron, Redding, Boggs & Hughes, Panama City, for appellants.
Bill R. Hutto, of Syfrett, Hutto & O'Brien, Panama City, for appellee.
JOHNSON, Acting Chief Judge.
This is an appeal from a judgment, after jury verdict in favor of appellee arising from a slip and fall.
The points upon which this appeal must be decided do not involve the fact of the slip and fall, but are more technical.
The appellee fell when leaving the premises of appellant, walking down the incline from the entrance. There is some evidence that immediately adjacent to the entrance of the building, the walk appears level for a short distance before the slope down to street level begins. It was on the slope portion on which appellee fell. We use the term "slope" portion, because the questions of the terms of "slope" and "ramp" are materially a part of this opinion.
In the early stages, in fact February 11, 1974, at a pretrial hearing, certain facts and stipulations were agreed upon and reduced to a pretrial order. Inter alia, it was ordered that all witnesses to be used would be furnished to respective parties; that all physical objects of evidence of every kind and nature intended to be used should be exhibited to the respective counsel. All of this was to be done not later than March 1, 1974, and any other discovery completed before 7 days prior to trial, which was set for March 12, 1974.
Among the items submitted at the pretrial conference, there were two pages of a publication, identified as Section 1118 entitled "Ramps", and another page excerpt of Chapter 7, Building and Housing.
At trial, the plaintiff-appellee attempted to introduce not only the Section 1118 entitled "Ramps", but also in addition to the one page of excerpt of Chapter 7, more of *544 the Building Code, part of the Southern Standard Building Code, which, according to appellants' counsel went much further than the excerpts submitted at the pretrial conference. Counsel for appellants contended that without some support or authorizing identification, the two "one-page" documents would have been inadmissible, and he made no effort to obtain expert witnesses to explain the Code and what was included in the term "Ramp".
In affidavits attached to the post-trial motion for new trial it appears that appellants' counsel had good cause to object.
This question of the Code and Ordinance were first called to appellants' attention the afternoon before trial. Appellant tried to remedy his situation by calling for experts of the Southern Standard Building Code with which to combat appellee's apparent method of attack in trial. It was at this point that the term "Ramps" and what it really meant came into focus. Appellants' counsel was able to get across some contradiction about the term  as well as whether the slope had met the Building Code of 1964 when the building was built, which was favorable to appellants. But, with the testimony of the desired experts the decision of the jury may have been different. We think the trial court felt that he was giving enough leeway to appellants to insure justice, but in the light of the whole record, testimony and all affidavits supporting the post-trial motions, we are of the opinion that the submitting of the Ordinances and Southern Standard Building Code to the jury without the benefit of the appellants' expert witnesses to explain and interpret the meanings of the terms used may have confused the jury or at least given the jury an unfinished picture.
Therefore, we reverse the verdict and judgment and remand this case for a new trial, not in conflict with the reasons herein given.
Reversed and remanded for a new trial.
BOYER, J., and STURGIS, WALLACE E., Jr., Associate Judge, concur.