432 So.2d 89 (1983)
Larry E. FITZPATRICK, Petitioner,
v.
Honorable C. McFerrin SMITH, Etc., Respondent.
No. 82-1724.
District Court of Appeal of Florida, Fifth District.
April 20, 1983.
Rehearing Denied May 25, 1983.
*90 Philip J. Chanfrau, Jr., of Chanfrau & Chanfrau, Daytona Beach, for petitioner.
Lewis R. Stark, Asst. State Atty., State Atty's Office, Seventh Judicial Circuit, Daytona Beach, for respondent.
FRANK D. UPCHURCH, Jr., Judge.
Petitioner seeks a writ of prohibition to disqualify the office of the State Attorney of the Seventh Judicial Circuit from handling the prosecution of the charges pending against him.[1] We shall treat the petition for writ of prohibition as a petition for writ of certiorari. See English v. McCrary, 348 So.2d 293 (Fla. 1977); Pantori v. Stephenson, 384 So.2d 1357 (Fla. 5th DCA 1980). We grant the writ and quash the trial court's order denying disqualification.
In August, 1982, petitioner, while in jail, consulted with attorney Greg Kimball, then in private practice, regarding the charges pending against him. Kimball, who was never actually retained by petitioner, was subsequently hired by the state attorney in October or early November of 1982 as an assistant state attorney in Volusia County.
On November 12, 1982, petitioner filed a suggestion of disqualification of the State Attorney's Office of the Seventh Judicial Circuit due to a conflict of interest. A hearing was held and the trial court found that petitioner and Kimball had confidential conversations covered by EC 4-1 and DR 4-101 of the Code of Professional Responsibility, that Kimball was in no way involved in the prosecution of this case, and that no one had suggested that there had been any disclosure of these conversations. The trial court further noted that under Babb v. Edwards, 412 So.2d 859 (Fla. 1982), if the office of the state attorney was one, circuit-wide law firm, the suggestion for disqualification was well founded. However, the court observed that such a ruling would be a radical departure from existing custom and refused to so rule.
The state's argument in support of the trial court's action is two-fold. First, it argues that petitioner was required to show a threat to the substantial fairness of his trial or prejudice in order to prevail in this matter. Secondly, it argues that Babb v. Edwards is inapplicable here.
In State ex rel. Oldham v. Aulls, 408 So.2d 587 (Fla. 5th DCA 1981), we suggested that the inquiry in determining whether a state attorney's office should be disqualified is whether "the attorney's continued representation would make the proceedings basically unfair either to the client or a former client." 408 So.2d at 589. However, that case did not involve a claim of confidential conversations.[2] Where there is a claim that confidential conversations within the scope of the attorney-client privilege were had with an attorney who subsequently became employed by the state attorney's office, the defendant cannot be expected to disclose the nature of these conversations in order to establish this "basic unfairness." To require the defendant to come forward with allegations or proof that the attorney has or will disclose such confidences necessarily requires disclosure of much of the privileged information. This would destroy the very confidentiality he seeks to protect. We think it is sufficient to show there were confidential communications and they related to matters now on trial. Whether the attorney would violate those confidences and reveal the substance of them to other members of the office is not a subject of inquiry.
Petitioner's allegations, which have not been challenged by the state, are sufficient to establish a real danger of prejudice to his *91 defense. The remaining question is whether the state attorney and his assistants in the Seventh Judicial Circuit are disqualified from the case.
DR 5-105(D) provides, in essence, that the disqualification of one member of a law firm disqualifies all members of the firm from continued representation. The state argues that the office of the state attorney is not a "law firm" under the Code of Professional Responsibility and therefore though Kimball is disqualified from representing the state in this action, others in the state attorney's office are not.
Petitioner relies on Babb v. Edwards, claiming that there, the supreme court held that a public defender's office within a judicial circuit is a single "law firm." Petitioner argues that the office of state attorney within a judicial circuit is analogous in setup to the public defender's office and therefore it is a single "law firm."
The supreme court in Babb v. Edwards did not specifically adopt the language that the public defender's office within a judicial circuit is a single "firm", but based its conclusions on section 27.53(3), Florida Statutes (Supp. 1980). That section is directed to public defenders and not state attorneys. However, at least two cases, Roberts v. State, 345 So.2d 837 (Fla. 3d DCA 1977) and Turner v. State, 340 So.2d 132 (Fla. 2d DCA 1976), discussed in Babb, have held that the public defender's office of a given circuit is a "firm" within the meaning of Canon 5 of the Code of Professional Responsibility.
We conclude that the same potential for conflict exists in both the office of the state attorney and the public defender and that there is no rational distinction between them in this regard, therefore each is a single "firm" for purposes of Canon 5 of the Code. The legislature has recognized there may be situations where a state attorney's office is disqualified from handling a matter. See §§ 27.14, 27.16, Fla. Stat. (1981). This latter section provides that if a state attorney is disqualified from acting in a particular case, the circuit judge of his judicial circuit may appoint an "acting state attorney" to handle the matter.
Writ of Certiorari is GRANTED, the order denying the motion for disqualification is QUASHED and this cause is REMANDED to the trial court for entry of an order consistent with this opinion.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] Petitioner has been charged with conspiracy to traffic in cocaine and two counts of the sale of a controlled substance.
[2] In State ex rel. Oldham v. Aulls, the defendant moved to disqualify the state attorney's office because he planned to call, as a witness at his trial, an assistant state attorney who had previously represented his brother while in private practice.