466 So.2d 1120 (1985)
Alvin LACKOW, Appellant,
v.
WALTER E. HELLER & COMPANY SOUTHEAST, INC., Appellee.
No. 83-1443.
District Court of Appeal of Florida, Third District.
March 19, 1985.
Rehearing Denied April 24, 1985.
*1121 Kreeger & Kreeger and Julian Kreeger, Miami, for appellant.
Britton, Cohen, Cassell, Kaufman & Schantz and J. Robert Olian and John Britton, Miami, for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
JORGENSON, Judge.
Alvin Lackow [Lackow] executed a guaranty in connection with accounts financing and inventory loan security agreements entered into by Lackow Brothers, Inc. [Lackow Brothers], as debtor, and Walter E. Heller & Company Southeast, Inc. [Heller], as creditor. After Lackow Brothers filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Reform Act, Heller sought, and, subsequently, was granted, permission from the bankruptcy court to sell the inventory and collect on the accounts receivable of Lackow Brothers in order to satisfy the outstanding debt under the security agreements. In the present action, Heller sought to hold Lackow liable for the resulting deficiency. Lackow appeals from a final judgment entered for Heller and from the trial court's denial of his motion to vacate final judgment and for grant of new trial. For the reasons which follow, we reverse the judgment entered in favor of Heller.
The only evidence offered by Heller to support its claim for a $1,069,852.61 deficiency was a computer print-out of the trial balance of the Lackow Brothers account which had been printed the day before trial. Heller introduced no source documents. Lackow's attorney objected to the admission of the print-out on the ground that it had not been made available for examination prior to trial in accordance with the pre-trial order. This objection was overruled. Although Lackow's attorney made a gallant effort during cross-examination to decipher what the figures on the print-out represented and to determine their significance, the record reflects that Lackow was effectively denied his right to cross-examine Heller's witnesses on this crucial piece of evidence. We agree with Lackow's contention that the trial court abused its discretion in admitting the print-out into evidence without first allowing Lackow an opportunity to examine it thoroughly in order to prepare the case properly for trial.[1] Since this was a non-jury proceeding, providing such an opportunity would not have been disruptive. We, therefore, reverse the final judgment and remand the case for a new trial. See Kramlich Associates, Inc. v. Robins, 312 So.2d 543 (Fla. 1st DCA 1975); cf. Thorsell v. Miller, 180 So.2d 677 (Fla. 2d DCA 1965) (not an abuse of discretion to admit exhibit not produced at pre-trial conference where plaintiffs made aware of exhibit at time defendant deposed and evidently were prepared for its introduction at trial).
Lackow's contention that the trial court erred in denying his motion to disqualify Heller's law firm, Britton, Cohen, Cassel, Kaufman & Schantz (the Britton firm), also warrants discussion. Heller filed its complaint on June 12, 1981. Trial was originally set for the week of February 15, 1982. On May 25, 1982, after the trial date had been twice continued and reset for June 7, 1982, Lackow's motion was filed. It alleged *1122 that Lackow's counsel, Julian Kreeger, of Kreeger & Kreeger (a two-lawyer firm), had recently been advised that Diane Rechner, a former secretary of Kreeger & Kreeger who had worked on confidential communications and memoranda involving this litigation and the related Lackow Brothers bankruptcy proceedings, was presently employed by the Britton firm and was working for John Britton, lead counsel for Heller. Lackow contended that the Britton firm's continued representation of Heller would be contrary to Canons 4 and 9 of the Florida Code of Professional Responsibility. Heller, in opposition to the motion to disqualify, filed an affidavit of Ms. Rechner which averred (1) that she had advised the Kreegers, prior to leaving their employ in November, 1981, that she had accepted employment with the Britton firm and would be working for John Britton, and (2) that she had not discussed the merits of this or any related action with any attorney or employee of the Britton firm. Lackow filed an affidavit of one of its secretaries affirming that Ms. Rechner had done the primary legal secretarial work in this cause and in related cases involving Lackow and Lackow Brothers and, further, stating that the former secretary (Rechner) had recently called the office to read a proposed order in this same action to Julian Kreeger. Lackow's ore tenus motion for an evidentiary hearing and his motion to disqualify counsel were denied. In its order denying Lackow's motion to disqualify counsel the trial court cites Central Milk Producers Cooperative v. Sentry Food Stores, Inc., 573 F.2d 988 (8th Cir.1978), and Redd v. Shell Oil Co., 518 F.2d 311 (10th Cir.1975). These two cases support the proposition that, after learning of the facts supporting a motion to disqualify counsel, a party may not unduly delay the filing of such motion.
In the instant case, the motion and affidavits conflict on the factual issue of when Lackow's counsel became aware of his former secretary's employment with the Britton firm. An evidentiary hearing was required to resolve this conflict.[2]See Holland v. Tenenbaum, 360 So.2d 493 (Fla. 4th DCA 1978); cf. Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979) (evidentiary hearing not required absent submission of affidavits raising a conflict on material issues of fact in opposition to movant's affidavits which established grounds for attorney disqualification).
Heller argues that the court's order denying Lackow's motion to disqualify counsel was not erroneous because this case involves a secretary's change of employment, not an attorney's. In Herron v. Jones, 276 Ark. 493, 637 S.W.2d 569 (1982), which involves circumstances similar to those presented here  after the suit had been pending for several months, defense counsel employed a secretary who had worked for plaintiffs' law firm during that period of time  the court found that the trial court erred in sustaining plaintiffs' motion to disqualify defense counsel. The secretary's former employer had cautioned her before she left not to disclose confidential information about the case, and the secretary's new employer had told her at the outset that she would have nothing to do with the case. The secretary stated in an affidavit that she had had no contact with the case since being employed by defense counsel, had not spoken to anyone in the firm about the case, and would not do so in the future.
In its opinion, the Arkansas court suggests that Canon 9 ("A Lawyer Should Avoid Even the Appearance of Professional Impropriety") of the ABA Code of Professional Responsibility is not implicated under *1123 these circumstances because "Canon 9 is directed specifically to lawyers and to no one else," 637 S.W.2d at 571. However, the court's decision is bottomed on its finding that any appearance or presumption of impropriety that might have arisen from the secretary's change of jobs was effectively overcome by the undisputed testimony regarding the precautions taken by the secretary's former and present employers and the fact that no disclosure of confidential information had actually occurred. Herron is distinguishable on its facts. In the instant case, no such precautions were taken. In fact, it is undisputed that Ms. Rechner has been working on the Lackow/Heller file while employed at the Britton firm.
We reject the suggestion that Canon 9 is not implicated under these circumstances. An appearance of impropriety is created by the Britton firm's continued representation of Heller under the facts sub judice. In Williams v. Trans World Airlines, 588 F. Supp. 1037, 1044 (W.D.Mo. 1984), the court, in considering the applicability of Canon 9 to the facts of that case, stated:
If information provided by a client in confidence to an attorney for the purpose of obtaining legal advice could be used against the client because a member of the attorney's non-lawyer support staff left the attorney's employment, it would have a devastating effect both on the free flow of information between client and attorney and on the cost and quality of the legal services rendered by an attorney. Every departing secretary, investigator, or paralegal would be free to impart confidential information to the opposition without effective restraint. The only practical way to assure that this will not happen and to preserve public trust in the scrupulous administration of justice is to subject these "agents" of lawyers to the same disability lawyers have when they leave legal employment with confidential information.
The affidavits submitted below establish that Ms. Rechner had done the primary secretarial work in this case while employed with the Kreeger & Kreeger firm and, thus, was privy to confidences of Lackow. Nothing more was required to be shown to support the disqualification of Heller's counsel in this case. See Ford v. Piper Aircraft Corp., 436 So.2d 305 (Fla. 5th DCA 1983), (disqualification appropriate where former client establishes the existence of an attorney-client relationship between himself and attorney sought to be disqualified and that matters embraced in the pending suit are substantially related to the matters or cause of action wherein the attorney previously represented him pet. for rev. denied, 444 So.2d 417 (Fla. 1984); Sears, Roebuck & Co. Whether Ms. Rechner actually violated or would violate the confidences is not a subject of inquiry. See Fitzpatrick v. Smith, 432 So.2d 89, 90 (Fla. 5th DCA 1983). See also In re Yarn Processing Patent Validity Litigation, 530 F.2d 83, 89 (5th Cir.), pet. for reh'g denied, 536 F.2d 1025 (5th Cir.1976); Consolidated Theatres, Inc. v. Warner Bros. Circuit Management Corp., 216 F.2d 920, 925 (2d Cir.1954). Accordingly, the trial court is directed to conduct an evidentiary hearing on the motion to disqualify for the sole purpose of establishing whether Lackow waived his right to object to the Britton firm's continued representation of Heller.
Reversed and remanded for a new trial and further proceedings consistent with the views expressed herein.
HUBBART, Judge (dissenting).
I must respectfully dissent. I would affirm the final judgment appealed from in all respects.
The central problem with the court's first basis for reversal, namely, the alleged error in admitting in evidence the computer printout, is that this point is not raised by the defendant Lackow in his points on appeal. It is well-settled that an appellate court must address only the points raised by the appellant on appeal, and, save for points of fundamental error not relevant here, has no authority to address points on appeal not so raised. City of Miami v. Steckloff, 111 So.2d 446, 447 (Fla. 1959); *1124 Anderson v. State, 215 So.2d 618 (Fla. 4th DCA 1968); 3 Fla.Jur.2d Appellate Review § 199, at 249; § 299, at 359-60 (1978). Lackow's only point on appeal relating to the computer printout reads as follows:
"POINT III
WHETHER THE COURT ERRED IN GRANTING THE PLAINTIFF A $1,069,852.61 DEFICIENCY JUDGMENT BASED UPON A COMPUTER PRINTOUT RUN THE DAY BEFORE TRIAL WHEN:
A) THE COMPUTER PRINTOUT SHOWED ONLY A TOTAL FIGURE;
B) PLAINTIFF'S WITNESSES PROVIDED NO BACKUP, COULD NOT EXPLAIN HOW THE TOTAL HAD BEEN CALCULATED AND COULD NOT DETERMINE HOW MUCH OF THE AMOUNT CLAIMED WAS INTEREST; AND
C) THE PLAINTIFF'S EXHIBIT COULD NOT POSSIBLY HAVE BEEN PRODUCED FOR DEFENDANT IN ACCORDANCE WITH THE COURT'S PRETRIAL ORDER BECAUSE IT SHOWS THAT IT WAS RUN ONE DAY BEFORE TRIAL."

Appellant's Brief at 8-9.
It is plain both from Lackow's point, as stated above, and the argument thereunder [Appellant's Brief at 16-19], that the sole alleged trial court error was the entry of the final judgment, inasmuch as it was based on a computer printout which, it is urged, was insufficient to support the judgment. There is some argument under this point that the computer printout should not have been admitted in evidence [Appellant's Brief at 19], but this is not made a separate point on appeal and is offered only to buttress the overall point that the trial court should not have placed any evidentiary weight on the printout and erred in entering final judgment based thereon. The court, in my view, has recast the point actually raised on appeal by converting the same into an evidentiary point and has reversed for a new trial based on the point as recast by the court. I dissent from this result as being unauthorized under settled principles of appellate practice and procedure.
As to the second basis for reversal relied on by the court, I see no error in failing to conduct an evidentiary hearing on Lackow's motion to disqualify the plaintiff's law firm in this cause, as the court herein concludes.[1] Plainly, the court had before it affidavits filed by the parties upon which to rule on the merits of the motion; these affidavits are not in material dispute and fully set forth the facts upon which the disqualification motion was based. Lackow points to no additional material evidence which he was precluded from presenting below on the motion. Under these circumstances, the law is clear that the trial court was not required to conduct an evidentiary hearing on the motion to disqualify and could properly rule on the merits of the motion based on the filed affidavits. Sears, Roebuck & Co. v. Stansbury, 374 So.2d 1051, 1054 (Fla. 5th DCA 1979).
The court nonetheless finds that "the motion and affidavits conflict on the factual issue of when Lackow's counsel became aware of his former secretary's employment with the Britton firm." 466 So.2d at 1122. As the court's opinion makes clear, however, there is no conflict on this issue between the two filed affidavits. Ms. Rechner's affidavit avers that she advised the *1125 Kreegers, prior to leaving their employ in November 1981, that she had accepted employment with the Britton firm and would be working for John Britton; Mr. Kreeger's present secretary's affidavit does not deny this fact, and, indeed, does not even speak to the issue. It is true that Mr. Kreeger's motion to disqualify alleges that he (Mr. Kreeger) had only "recently" been informed of Ms. Rechner's employment with John Britton, but that is of no moment because the motion was unsworn to and therefore created no evidentiary conflict with Ms. Rechner's affidavit. Mr. Kreeger himself filed no affidavit in the cause. The trial court, therefore, quite properly ruled on the motion to disqualify based entirely on the uncontradicted evidence before it, as revealed by the above affidavits, and was not required to hold an evidentiary hearing.
Based on the points actually raised by Lackow on appeal, I see no error in the entry of the final judgment below and would affirm that judgment in all respects. I dissent from the court's reversal of the judgment.
NOTES
[1] Had Heller complied with the pre-trial order, Lackow would have had an ample opportunity to take discovery regarding the information contained in the print-out.
[2] Even if, upon remand, the trial court finds that, months before filing the motion to disqualify, Lackow's counsel was aware of the fact that Rechner was employed at the Britton firm and was working for John Britton, the critical point in time from which to make an assessment of whether Lackow unduly delayed filing the motion and, thus, waived his right to object to the Britton firm's continued representation of Heller, arose when Kreeger & Kreeger was put on notice that Rechner was working for John Britton on this particular case. Kreeger & Kreeger was entitled to presume that the Britton firm would take the necessary steps to ensure that Rechner would not divulge those confidences to which she was privy at her former employment.
[1] Lackow's point on appeal relating to this issue reads as follows:

"POINT VI
WHETHER THE DEFENDANT WAS DEPRIVED OF DUE PROCESS WHEN THE COURT DENIED DEFENDANT AN EVIDENTIARY HEARING ON DEFENDANT'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL FOR HIRING THE SECRETARY WHO HAD WORKED FOR DEFENDANTS COUNSEL IN THIS CASE AND ASSIGNING HER TO WORK ON THIS CASE."
Appellant's Brief at 9.
Contrary to the court's assertion in its opinion, no complaint is made here that the motion to disqualify was erroneously denied on the merits. The sole complaint is that Lackow was deprived of due process because the trial court did not conduct an evidentiary hearing on the said motion.