491 So.2d 1275 (1986)
Perry DAWSON, Linda Fernandez, Del Hall, Gary Huskey, Benny Martinez, and Norman Trainor, Petitioners,
v.
Aaron D. BRAM, Respondent.
No. 86-1297.
District Court of Appeal of Florida, Second District.
July 30, 1986.
R. Douglas MacPherson, Brandon, for petitioners.
Aaron D. Bram, pro se.
SCHEB, Acting Chief Judge.
Petitioners seek a writ of certiorari to review a trial court order which granted respondent's motion to disqualify R. Douglas MacPherson, petitioners' counsel, from further representation of the petitioners.
Petitioners are the former members of the board of directors of Belleair Beach Resort Owners Association, Inc., a condominium association. Respondent is a member of the current board of directors. Petitioners filed suit against respondent alleging that he wrote and mailed a defamatory letter to petitioners and various third parties.
Before answering the complaint, respondent filed an unsworn, pro se motion in the trial court. Respondent's principal allegations were that petitioners' counsel (1) had previously represented respondent in his capacity as president of Belleair, (2) had knowledge received during the course of the attorney-client relationship with respondent, and (3) would be a witness in a related criminal matter. Respondent did not support his motion with any affidavits.
*1276 At the hearing on respondent's motion, petitioners' counsel made some opening remarks suggesting there was no basis for respondent's allegations. The trial judge declined to hear any testimony stating:
Mr. MacPherson, even if one percent of this is verifiable, I think their [sic] close to this case, I think you've been involved in the case and I'm not saying that we should wait until the Florida Bar gives us its opinion on this, but I think to completely eliminate any suspicion of that, I think you should disqualify yourself. I'm going to grant the motion.
The trial judge then allowed MacPherson to proffer some evidence in his own behalf. However, the judge adhered to his ruling and ordered that MacPherson was disqualified from further representation of the petitioners.
After consideration of a motion alleging sufficient facts which, if true, would warrant removal of opposing counsel, a trial court may decide that removal is mandated. Pantori v. Stephenson, 384 So.2d 1357 (Fla. 5th DCA 1980). Here, the court should have required that respondent's motion be under oath or supported by an affidavit. Then, the petitioners should have been afforded the opportunity to file affidavits in response to the allegations. See Sears Roebuck & Co. v. Stansbury, 374 So.2d 1051 (Fla. 5th DCA 1979). If the affidavits filed by the parties did not agree on the issue presented, the court should have conducted an evidentiary hearing. Holland v. Tenenbaum, 360 So.2d 493 (Fla. 4th DCA 1978). The purpose of an evidentiary hearing is not to determine whether there has been a breach of the Code of Professional Responsibility for which the attorney may be disciplined but to determine whether, because of such breach, one party has an unfair advantage over the other which can only be eliminated by removing the attorney. Pantori, 384 So.2d at 1359.
We therefore conclude that the trial court departed from the essential requirements of the law in granting respondent's unsworn motion without first requiring proof of the allegations and then permitting the petitioners to present evidence if any, on their own behalf.
Accordingly, we grant the petition for writ of certiorari, quash the order, and remand this case to the circuit court for further proceedings consistent with this opinion.
HALL and SANDERLIN, JJ., concur.