532 So.2d 740 (1988)
ESQUIRE CARE, INC., a Florida Corporation, Petitioner,
v.
Richard F. MAGUIRE and Dee Maguire, Respondents.
No. 88-1426.
District Court of Appeal of Florida, Second District.
September 30, 1988.
Rehearing Denied October 26, 1988.
James R. Cooney of Taylor and Lawless, P.A., Sarasota, for petitioner.
James S. Purdy of James S. Purdy, P.A., Sarasota, for respondents.
PER CURIAM.
The petitioner, Esquire Care, Inc. (hereafter "Esquire"), seeks a writ of certiorari to quash an order of the circuit court denying Esquire's motion to disqualify the respondents' law firm. We deny the petition.
The facts underlying the motion to disqualify are somewhat unusual. In 1984 the respondents, Richard and Dee Maguire, retained the law firm of Bernard Walsh to represent them in a personal injury action against Esquire. At some point shortly before the scheduled May, 1988, trial date, the Walsh firm advertised for a legal secretary, eventually hiring Sarah Geraci. Ms. Geraci previously had been employed by James Cooney of the firm Taylor and Lawless, and had applied for the Walsh position after discharge by Taylor and Lawless. Cooney has represented Esquire in this cause since October, 1987. Cooney asserts that Geraci had "primary responsibility" for the Esquire file during her term of employment with his firm and so was privy to all confidential information contained therein. In fact, the petition alleges that Geraci accepted the position with Walsh several days before informing Cooney of her intent to do so, and thus continued to have access to the file despite accepting employment with counsel for the adverse party. Having accepted the new position, she "worked on the Maguire file"; only the extent of her involvement in the case preparation has been disputed.
Esquire, in arguing that Walsh's disqualification is required, relies primarily upon Lackow v. Walter E. Heller & Co. Southeast, Inc., 466 So.2d 1120 (Fla.3d DCA 1985). Indeed, the facts are similar, in that a secretary formerly employed by Lackow's counsel, Julian Kreeger, accepted a position with John Britton, lead counsel for the Heller company, during the pendency of a lawsuit between the two parties. Faced with Lackow's motion to disqualify his firm, Britton attempted to distinguish *741 between an attorney's change of employment and that of a secretary or other non-lawyer. See, e.g., Herron v. Jones, 276 Ark. 493, 637 S.W.2d 569 (1982). However, the District Court refused to make that distinction, citing Williams v. Trans World Airlines, 588 F. Supp. 1037, 1044 (W.D.Mo. 1984):
If information provided by a client in confidence to an attorney for the purpose of obtaining legal advice could be used against the client because a member of the attorney's non-lawyer support staff left the attorney's employment, it would have a devastating effect both on the free flow of information between client and attorney and on the cost and quality of the legal services rendered by an attorney. Every departing secretary, investigator, or paralegal would be free to impart confidential information to the opposition without effective restraint. The only practical way to assure that this will not happen and to preserve public trust in the scrupulous administration of justice is to subject these "agents" of lawyers to the same disability lawyers have when they leave legal employment with confidential information.
We have no quarrel with the reasoning of the Lackow court up to this point. It should not necessarily make a difference that the employee was a secretary rather than an attorney. Respondents downplay the importance of secretaries by describing secretarial functions as primarily "clerical." In determining whether an individual is privy to attorney-client confidences, a court should not look to what tasks the employee performs so much as to his or her access to the same types of privileged materials that lawyers would receive. That a secretary may make no lawyerlike decisions, or counsel clients, does not mean he or she is not privy to confidential communications. However, the Lackow panel went on to announce what we consider an overbroad prophylactic rule for dealing with such situations, holding that the affidavits submitted to the trial court established that the secretary "had done the primary secretarial work in this case while employed with the Kreeger & Kreeger firm and, thus, was privy to confidences of Lackow. Nothing more was required to be shown to support the disqualification of Heller's counsel in this case." 446 So.2d at 1123 (emphasis supplied).
Unlike the apparent result in Lackow, we would interpose an additional step between the discovery of an ethical dilemma and the requirement that a law firm abandon a case in preparation for which it has invested much of its and its client's time and resources. Obviously, the disqualification of a party's chosen counsel is a harsh sanction, and an extraordinary remedy which should be resorted to sparingly. General Accident Insurance Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986). Before such drastic action is considered the trial court should conduct an evidentiary hearing, the purpose of which is to determine, not just whether a potential ethical violation has occurred, but whether as a result one party has obtained an unfair advantage over the other which can only be alleviated by removal of the attorney. Dawson v. Bram, 491 So.2d 1275 (Fla. 2d DCA 1986); Pantori, Inc. v. Stephenson, 384 So.2d 1357 (Fla. 5th DCA 1980).
In the present case the trial court conducted such a hearing. At this time Walsh's present secretary testified that she was and had been his "only legal secretary" and that Geraci had been given relatively insignificant duties, such as typing letters and issuing subpoenas, in conjunction with the Maguire case. Most of the case preparation had already been performed before Geraci was retained. Geraci never revealed confidential information, and Walsh asserted that he had specifically instructed her not to discuss her knowledge of the case. Having received this testimony and memoranda of law from counsel, the court declined to require the withdrawal of the Walsh firm, and we are not persuaded that its ultimate conclusion represents a departure from the essential requirements of law.
While we accept the premise in Lackow that ethical considerations applicable to attorneys might also extend to support personnel, *742 we cannot agree that so strong a presumption arises that potentially damaging confidences are in danger of revelation, as would arise if an attorney left one employer for another. See, e.g., Ford v. Piper Aircraft Corp., 436 So.2d 305 (Fla. 5th DCA 1983), petition for review denied, 444 So.2d 417 (Fla. 1984). In other words, we disagree that Esquire, to trigger any presumption in favor of disqualification, was required to demonstrate no more than that Geraci had access to confidential information  which is all that was proven in the present case.
Esquire, again relying upon certain language in Lackow, argues that the party seeking disqualification cannot be required to show what, if any, confidential knowledge the employee obtained, and that whether the employee "actually violated or would violate the confidences is not a subject of inquiry." 466 So.2d at 1123. This suggestion, in turn, is derived from Fitzpatrick v. Smith, 432 So.2d 89 (Fla. 5th DCA 1983). We may distinguish that precedent both because Fitzpatrick dealt with attorneys rather than secretaries and because it involved the representation of a criminal defendant, who has an absolute constitutional right to remain silent about his case. Additionally, the decision of the district court in Fitzpatrick was quashed upon discretionary review by the supreme court. State v. Fitzpatrick, 464 So.2d 1185 (Fla. 1985).
Finally, we note that Walsh, once he became aware that Geraci had been involved with the Maguire file while in the employ of Cooney, solicited an opinion from the ethics counsel of the Florida Bar, whose determination was that Walsh could continue his representation. See also, Professional Ethics of the Florida Bar Opinion 86-5 (August 1, 1986). Esquire strongly urges that this advisory opinion cannot, as a matter of law, overrule the precedent established by Lackow. Cf. Haines v. St. Petersburg Methodist Home, Inc., 173 So.2d 176 (Fla. 2d DCA), cert. denied, 183 So.2d 211 (Fla. 1965) (Attorney General's responsive opinion is not a judicial precedent). However, although the trial court appears to have found the reasoning behind the Bar opinion persuasive, we cannot say that it exceeded its authority in implicitly concluding that Geraci's change of employment was not shown to be disadvantageous to her former employer's client.
PETITION DENIED.
SCHEB, A.C.J., and THREADGILL and PARKER, JJ., concur.