[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISQUALIFY
The plaintiff, Trini Temkin has filed a motion to disqualify the law firm of Louden and Forzani who represent the defendant, Alan Tempkin [Temkin] in this dissolution action. The motion is based upon the fact that at the time the action was commenced in October 1991, Ms. Hazel Nicol was employed as a paralegal in the office of the plaintiff's counsel and continued as such through October 1992. On May 24, 1993 she joined the defendant's firm also as a paralegal.
The plaintiff claims that while employed in her attorney's office, Ms. Nicol prepared all of the pleadings, correspondence and discovery requests; had access to the plaintiff's financial information, particularly bank statements and W-2 wage statements; considerable contact with the client via telephone calls, correspondence and client conferences; had conversations with the attorney regarding strategy and tactics; and conversations CT Page 8916 with the client regarding personal, intimate and confidential issues.
After becoming employed by the defendant's counsel as a legal assistant, Ms. Nicol has telephoned plaintiff's counsel to discuss various aspects of the case. She has also drafted and/or typed correspondence regarding settlement in said case.
The affidavit of Ms. Nicol, Exhibit A attached, which was not contradicted by oral testimony fails to disclose any impropriety. She obtained no confidential information while employed by plaintiff's counsel and since changing employment has not discussed the matter with her new employer or prepared work on the file.
"The party moving for disqualification bears the burden of proving facts which indicate that disqualification is necessary." Rivera v. Chicago Pneumatic Tool Company, et al,4 Conn. L. Rptr. 394, citing Tagliaferi v. Barry, 2 CTLR 494 (1990). "The disqualification of a party's chosen counsel is a harsh sanction, and an extraordinary remedy which should be resorted to sparingly" and "a court must balance the risk of violation (of a disciplinary rule) and its consequences against the. . . right to counsel of one's choice." Id. at 5; Esquire Care, Inc. v. Maguire,532 So.2d 740, 741 (Fla.Dist.Ct.App. 1988). "The courts almost uniformly have weighed the moving party's right to a fair trial against the opposing party's right to retain the counsel of its choice, and note the time and investment made by clients and the hardship imposed when they must seek new counsel. Rivera v. Pneumatic Tool Company, et al, supra.
In a thorough review of the applicable law regarding disqualification in Rivera v. Chicago Pneumatic Tool Company, et al,4 Conn. L. Rptr. 394, the court. Teller, J. stated:
 In a 1988 informal decision on the issue of disqualification of counsel based on knowledge acquired by nonlawyers while in the employ of another law firm, the American Bar Association Standing Committee on Ethics and Professional Responsibility concluded that, under the ABA Model Rules of Professional Conduct, a law firm that hires a paralegal formerly employed by another law firm may continue to represent clients whose interests conflict with the interests of clients of the former employer on whose matte the paralegal has worked, so long as the employing firm screens the paralegal in CT Page 8917 accordance with guidelines set forth in the Committee's opinion, and as long as no information relating to said clients is revealed to the employing firm. Informal Opinion 88-1526 BNA Lawyer's Manual on Professional Conduct 901:318 (June 22, 1988). The Committee established the following guidelines for the screening of a nonlawyer.
 (1) The nonlawyer should be cautioned not to disclose any information relating to the representation of a client of the former employer, and not to work on any matter on which he or she worked for the prior employer or respecting which he or she has information relating to the representation of any client of the former employer, and
 (2) The employing firm must take reasonable steps to ensure that the employee takes no action and does no work in relation to such matters.
Id. at 901:321.
 Certain circumstances, however, would make disqualification mandatory, absent consent of the former employer's client. These circumstances are present either: (1) where information relating to the representation of an adverse party gained by the nonlawyer while employed in another firm has been revealed to lawyers or other personnel in the new firm . . .; or (2) where screening would be ineffective or the nonlawyer necessarily would be required to work on the other side of the same or a substantially related matter on which the nonlawyer worked or respecting which the nonlawyer has gained information relating to the representation of the opponent while in the former employment.
Id.
 The ABA Committee reasoned: `it is important that nonlawyer employees have as much mobility in employment opportunity consistent with the protection of clients' interests. To so limit employment opportunities that some nonlawyers trained to work with law firms might be required to leave the careers for which they have been trained would disserve clients as well as the legal profession. Accordingly, any restrictions on the nonlawyer's employment should be held to the minimum necessary to protect confidentiality of client information.' id.
CT Page 8918
Based upon a review of the law, the evidence presented on the motion and the affidavits on file, the court finds no basis for disqualification. The court, however, does enter an order that: To ensure that continued representation by plaintiff's counsel does not threaten the integrity of the proceedings, defendant's counsel shall erect a Chinese Wall which incorporates the following:
1. Ms. Nicol will not be permitted to disclose or discuss any information she acquired while employed by plaintiff's counsel concerning the cases in question;
2. The files in question will be kept locked and will not be accessible to Ms. Nicol;
3. Ms. Nicol will not be permitted in the vicinity of the files when others are working on them.
4. Ms. Nicol will sign an affidavit and agreement that she will have no contact with the files, nor will she discuss the files with anyone in plaintiff's firm or disclose any information she acquired in her former position; and
5. The attorney who will be handling files, Attorney Forzani, will have no direct contact with Ms. Nicol concerning this case. motion to disqualify is denied subject to the order re a "Chinese Wall."
Pickett, J.