654 So.2d 983 (1995)
Richard Keith ARTHUR, Appellant,
v.
Samuel GIBSON, Lilli Bibson, et al., Appellees.
No. 94-2053.
District Court of Appeal of Florida, Fifth District.
April 28, 1995.
Richard Keith Arthur, Ocala, pro se.
Bryce W. Ackerman of Simmons and Hart, P.A., Ocala, for appellees.
THOMPSON, Judge.
Richard Keith Arthur appeals a non-final order of the trial court denying his *984 motion to disqualify counsel. He filed this appeal pursuant to Florida Rules of Appellate Procedure 9.130. After a careful review of rule 9.130, we conclude that Arthur's appeal is not cognizable under this rule. The applicability of review under this rule is narrowly circumscribed, and Arthur seeks an improper remedy. Arthur's appeal of this non-final order does not come within one of the exceptions of the rule. Thus, the order is nonappealable. See Fla.R.App.P. 9.130(a)(3), (4), (5), (6). Nevertheless, we elect to treat Arthur's appeal as a petition for writ of certiorari, but we deny the writ. See Fla. R.App.P. 9.040(c).[1]
Arthur was sued for damages arising from the sale of unregistered securities. During the trial, Arthur sought to have opposing counsel's law firm disqualified based upon an alleged conflict of interest pursuant to Rule 4-1.9 of the Florida Rules of Professional Conduct.[2] R. Regulating Fla.Bar 4-1.9. Arthur alleged that one of the attorneys in opposing counsel's law firm had represented him in a related civil action and, therefore, that an attorney/client relationship had developed. The trial court conducted an evidentiary hearing on the motion. After reviewing affidavits and letters, and hearing the testimony of witnesses, the trial court found that no attorney/client relationship ever developed between Arthur and the attorneys he sought to disqualify.
A trial court does have the authority to disqualify an attorney from representing a party if the court determines that the continued representation would deprive the litigants of "an impartial forum in which their complaints and defenses may be presented, heard and decided with fairness." Pantori, Inc. v. Stephenson, 384 So.2d 1357, 1359 (Fla. 5th DCA 1980). The trial court must, however, conduct a hearing before ruling on the motion for disqualification.
In this case, the trial court conducted a hearing before denying the motion to disqualify. Because Arthur has the burden of providing this court with a transcript of the hearing, which he did not, we presume the correctness of the trial court's ruling. The appellant has the burden of demonstrating error by the trial court, and Arthur has not met his burden. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla. 1979); accord Hudson Pest Control, Inc. v. Westford Asset Management, Inc., 622 So.2d 546 (Fla. 5th DCA 1993) (where there is no transcript of trial court proceeding, appellate court will give utmost credence to trial court's fact findings). Accordingly, we deny the petition for writ of certiorari.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] Rule 9.040(c) reads in pertinent part:

If a party seeks an improper remedy, the cause shall be treated as if the proper remedy had been sought; provided that it shall not be the responsibility of the court to seek the proper remedy.
Fla.R.App.P. 9.040(c).
[2] Rule 4-1.9 regarding conflicts of interest with former clients, reads:

A lawyer who has formerly represented a client in a matter shall not thereafter:
(a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or
(b) use information relating to the representation to the disadvantage of the former client except as rule 4-1.6 would permit with respect to a client or when the information has become generally known.
R. Regulating Fla.Bar 4-1.9.