701 So.2d 641 (1997)
CITY OF APOPKA, Petitioner,
v.
ALL CORNERS, INC., Respondent.
No. 97-359.
District Court of Appeal of Florida, Fifth District.
November 14, 1997.
*642 Michael J. Roper of Bell, Leeper & Roper, P.A., Orlando, for Petitioner.
Philip D. Storey of Stump, Storey & Callahan, P.A., Orlando, for Respondent.
GOSHORN, Judge.
The City of Apopka (Apopka) petitions for certiorari seeking review of a non-final order which disqualified the law firm of Dean, Ringers, Morgan & Lawton, P.A. (Dean, Ringers) from representing Apopka because a secretary from the opposing law firm began working for Dean, Ringers. The order is reviewable by certiorari. See Fla. R.App. P. 9.030(b)(2); Arthur v. Gibson, 654 So.2d 983, 984 (Fla. 5th DCA 1995). For the reasons hereinafter set forth, we grant the petition, issue the writ, quash the order under review and remand.

I. THE FACTS
In January 1996, Philip Storey, of the law firm of Stump, Storey & Callahan, P.A., filed a suit for All Corners, Inc. (All Corners) against Apopka. Apopka employed Dean, Ringers to defend against the suit. During the year, extensive discovery was pursued by both parties, including review of "voluminous technical documents," as well as the taking of depositions. At the time the suit began in January 1996, Danene M. Verner was employed as Storey's secretary. In November 1996, Verner resigned her position with Storey andas Storey was awarebecame employed by Dean, Ringers. She began to work directly for G. Clay Morris, who does not represent Apopka and who has not performed any legal service in connection with the All Corners suit. Dean, Ringers specifically instructed Verner as to her responsibilities to Storey and to All Corners. She was directed not to disclose any information which she might have learned during her employment with Stump, Storey & Callahan, P.A.
In December 1996, All Corners filed a motion to disqualify Dean, Ringers because of Verner's employment thereby. The court heard argument on All Corners' disqualification motion. At the hearing, four affidavits were submitted to the judgefrom Verner, Michael J. Roper, Morris, and Storey. In her affidavit, Verner attested that she did not have recollection of any specific letter, conversation, evaluation, memorandum of law, or any other document that would evidence Storey's legal strategy or impressions of the All Corners case. In fact, Verner said she had "no information concerning the All Corners' [sic] file that was [confidential or privileged] in any way." The affidavits from Roper and Morris basically said that they had both personally instructed her not to disclose any information she knew or might have learned while she was Storey's secretary.
Storey said in his affidavit that he had worked on the All Corners dispute with Apopka for two years and that the entire *643 time Verner had been the secretary who "assisted" him with the file. He stated that during the time she worked for him
she had complete and total access to my files in regards to this matter. Those files contained many communications protected by the attorney client privilege including client correspondence, memorandum, etc.
. . . . .
In addition, Danene Verner had many communications directly with the client pursuant to my instructions. The content of all such communications is also protected by the attorney client privilege.

II. THE LAW
Our research has revealed two distinct approaches in Florida to resolving a demand for the disqualification of a law firm based on that firm's employment of a person formerly employed by the movant's firm. Because this is a case of first impression in this district, this court must now choose the path it will follow.
The primary case supporting disqualification is the Third District's decision in Lackow v. Walter E. Heller & Co. Southeast, Inc., 466 So.2d 1120 (Fla. 3d DCA 1985). There, a secretary who was privy to confidential communications and litigation memoranda while employed with the movant's firm was hired by the opposing firm and continued to work on the case, although now for the benefit of her new employer. The Third District advised that assuming the issue was not waived by the movant's failure to seek disqualification sooner, the evidence that the secretary had performed the primary secretarial work on the movant's case while employed by the movant's law firm was sufficient to require the disqualification of her subsequent employer from the case, as all that is required is the mere appearance of improprietywhether the secretary actually breached any confidence is irrelevant.
The Second District, on the other hand, has adopted a less stringent test. In Esquire Care, Inc. v. Maguire, 532 So.2d 740 (Fla. 2d DCA 1988), the opposing firm hired a legal secretary previously employed by the movant's firm. The extent of the secretary's involvement in the preparation of the case was disputed. The trial court declined to require disqualification based on the evidence before it, and the Second District affirmed, finding the Third District's prophylactic rule for dealing with such situations was overbroad:
Unlike the apparent result in Lackow, we would interpose an additional step between the discovery of an ethical dilemma and the requirement that a law firm abandon a case in preparation for which it has invested much of its and its client's time and resources. Obviously, the disqualification of a party's chosen counsel is a harsh sanction, and an extraordinary remedy which should be resorted to sparingly. General Accident Insurance Co. v. Borg-Warner Acceptance Corp., 483 So.2d 505 (Fla. 4th DCA 1986). Before such drastic action is considered the trial court should conduct an evidentiary hearing, the purpose of which is to determine, not just whether a potential ethical violation has occurred, but whether as a result one party has obtained an unfair advantage over the other which can only be alleviated by removal of the attorney. Dawson v. Bram, 491 So.2d 1275 (Fla. 2d DCA 1986); Pantori v. Stephenson, 384 So.2d 1357 (Fla. 5th DCA 1980).
Esquire Care, 532 So.2d at 741.
The Second District further explained its reasoning as follows:
While we accept the premise in Lackow that ethical considerations applicable to attorneys might also extend to support personnel, we cannot agree that so strong a presumption arises that potentially damaging confidences are in danger of revelation, as would arise if an attorney left one employer for another. See, e.g., Ford v. Piper Aircraft Corp., 436 So.2d 305 (Fla. 5th DCA 1983), petition for review denied, 444 So.2d 417 (Fla.1984). In other words, we disagree that Esquire, to trigger any presumption in favor of disqualification, was required to demonstrate no more than that [the secretary] had access to confidential *644 informationwhich is all that was proven in the present case.
Esquire Care, 532 So.2d at 741-42.
We agree with the analysis of the Second District. To engage in the bright line disqualification of a party's chosen law firm based solely on that firm's employment of secretarial staff previously exposed to confidential information by a prior employer is excessively harsh. Accordingly, we align ourselves with the Second District and hold that disqualification is required only when there is evidence that the law firm obtained confidential information, thereby gaining an unfair advantage, from its new personnel.

III. CERTIORARI GRANTED
In the present case, the evidence was undisputed that Dean, Ringers had effectively screened the secretary from involvement in the subject litigation. The trial court specifically found that an ethical violation had not occurred. The firm of Dean, Ringers has not committed any ethical violations, but rather has taken those steps which a responsible firm should to ensure that there is no impropriety. The undisputed facts showed that Apopka has not obtained an unfair advantage over All Corners.
As pointed out in Esquire Care, the disqualification of a party's chosen counsel is a harsh sanction and "an extraordinary remedy" which should be resorted to sparingly. See Pascucci v. Pascucci, 679 So.2d 1311 (Fla. 4th DCA 1996); Swensen's Ice Cream Co. v. Voto, Inc., 652 So.2d 961 (Fla. 4th DCA 1995); Arcara v. Philip M. Warren, P.A., 574 So.2d 325, 326 (Fla. 4th DCA 1991). In the absence of evidence that Dean, Ringers obtained confidential information, and thus an unfair advantage, by hiring a secretary previously employed by its opponent in the litigation, the disqualification of Dean, Ringers was improper.
PETITION GRANTED; WRIT ISSUED; ORDER QUASHED; and REMANDED.
HARRIS and ANTOON, JJ., concur.