784 So.2d 1254 (2001)
Joey Kevin LANSING, Petitioner,
v.
Tana Lynn LANSING, Respondent.
No. 5D00-3338.
District Court of Appeal of Florida, Fifth District.
May 25, 2001.
*1255 Thomas W. Deans of Law Offices of Thomas W. Deans, P.A., Melbourne, for Petitioner.
James R. Dressler, Cocoa Beach, for Respondent.
PALMER, J.
Joey Kevin Lansing (husband) petitions this court seeking certiorari review of a non-final order denying his motion to disqualify Attorney James R. Dressler from representing Tonya Lynn Lassing (wife) in this dissolution of marriage proceeding.[1] The husband sought disqualification based on the fact that a secretary for the husband's former counsel is now employed by Attorney Dressler. For the reasons set forth below, we grant the petition, issue the writ, and quash the order under review.
The husband was formerly represented in this dissolution proceeding by Attorney Stephanie DaCosta. During that period of time Krysti Cohen was employed as Attorney DaCosta's secretary. After DaCosta retired, Cohen accepted a position as a secretary for Attorney Dressler who was and still is representing the wife in this dissolution matter.
The husband filed a motion to disqualify Attorney Dressler and an evidentiary hearing was conducted thereon. Cohen testified that she had unlimited access to all files in Attorney Dressler's office, and that he never instructed her that any files were off limits to her or that she was not to work on certain files. The evidence was undisputed that Cohen undertook certain activities with regard to the husband's file while in Attorney Dressler's employment even though she had negotiated a visitation agreement for the husband and had received confidential information from him while she was employed by Attorney DaCosta.
The trial court found that Cohen possessed confidential information about this case which she obtained during her employment with Attorney DaCosta, but that the husband did not prove that Cohen shared any of that information with Attorney Dressler. Although believing that Attorney Dressler should be disqualified for failing to impose restrictions on Cohen which would prevent her from working on the instant file, the trial court felt bound by City of Apopka v. All Corners, Inc., 701 So.2d 641 (Fla. 5th DCA 1997) to deny the motion.
In City of Apopka, this court was presented with a situation where a party was seeking disqualification of the opposing law firm because a secretary who had been employed by the movant's law firm and had worked on the party's file, left the firm and was hired by opposing counsel. After changing jobs, the secretary did not work on the case at the new firm, and she was personally instructed by her new employer not to disclose any information she acquired while she was employed by her former firm. With those facts as background, the trial court entered an order of disqualification. Upon review, this court *1256 recognized the case as presenting an issue of first impression in the Fifth District and that there were two distinct approaches utilized by the other district courts to resolve the issue. In an effort to avoid any appearance of impropriety, the Third District adopted a bright line test that required the disqualification of a secretary's subsequent employer from a case in which the secretary had received confidential information in her prior employment, regardless of whether the secretary actually breached any confidence. See Lackow v. Walter E. Heller & Co. Southeast, Inc., 466 So.2d 1120 (Fla. 3d DCA 1985). In contrast, the Second District required the trial court to conduct an evidentiary hearing, the purpose of which was to determine, not just whether a potential ethical violation had occurred, but also whether one party had obtained an unfair advantage over the other which could only be cured by disqualification. See Esquire Care, Inc. v. Maguire, 532 So.2d 740 (Fla. 2d DCA 1988). The Fifth District adopted the approach utilized in the Second District, holding that disqualification is required only when there is evidence that the hiring firm obtained confidential information, thereby gaining an unfair advantage. City of Apopka, 701 So.2d at 644.
Since City of Apopka was released, the law on this issue has continued to develop. In Koulisis v. Rivers, 730 So.2d 289 (Fla. 4th DCA 1999), the Fourth District ruled that, once the former firm establishes a prima facie case for disqualification by presenting evidence that a former secretary possessed confidential information, the burden shifts to the hiring firm to demonstrate that the secretary had no actual knowledge of any confidential information, noting that the imposition of this burden means that, in close cases, disqualification will be required in order "to preserve the integrity of a fair adversary system." Id. at 292. In First Miami Securities, Inc. v. Sylvia, 780 So.2d 250 (Fla. 3d DCA 2001), the Third District adopted the standard set forth in Koulisis, thereby receding from the bright line test set forth in Lackow. In Stewart v. Bee-Dee Neon & Signs, Inc., 751 So.2d 196 (Fla. 1st DCA 2000), the First District undertook a thorough analysis of the case law on this issue, not only in Florida but throughout the country, and then adopted the following standard as a guide for trial courts to use in determining when a hiring law firm must be disqualified:
If the trier of fact is persuaded that confidential information has not been disclosed to the hiring firm and that the hiring firm has implemented adequate measures to reasonably ensure that no such disclosure will occur, the motion will be denied. If the trier of fact is persuaded that confidential information has actually been disclosed to the hiring firm, or that the nonlawyer employee has worked or will necessarily work on the case, or that adequate screening measures have not been implemented, or that screening measures would be ineffective, the motion will be granted.
Id. at 208.[2] This standard is well-founded and properly balances the interests of all *1257 parties. The standard is also consistent with the reasoning set forth by this court in City of Apopka. Accordingly, we adopt the standard set forth by the First District in Stewart for cases in which the former employee discloses confidential information to the hiring firm, the former employee works on the case after joining the hiring firm or the hiring firm fails to implement adequate screening measures. Applying this standard to the instant facts, we conclude that the husband's motion to disqualify should have been granted because, as noted, adequate screening measures were not implemented by Attorney Dressler when he hired Cohen, and she was permitted to work on the husband's file.
Petition Granted.
PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] The order is reviewable by certiorari. See Fla. R.App. P. 9.030(b)(2); City of Apopka v. All Corners, Inc., 701 So.2d 641 (Fla. 5th DCA 1997); Arthur v. Gibson, 654 So.2d 983 (Fla. 5th DCA 1995).
[2] The Stewart court explained the shifting burdens of proof as follows:

The burden of proving that disqualification is required rests at all times upon the movant (the client of the former firm), which also has the initial burden of presenting credible evidence that the nonlawyer employee was exposed to confidential information [footnote omitted] that is material to the representation of the former firm's client in the matter at issue before the lower tribunal. When presented, this evidence raises two rebuttable presumptions: that the nonlawyer employee actually obtained confidential information material to the case, and that the nonlawyer employee disclosed or will disclose such confidential information to the hiring firm. The burden of going forward then shifts to the clint of the hiring firm, who must attempt to rebut at least one of these presumptions by proving to the trier of fact either that the nonlawyer employee did not acquire any confidential information material to the matter at issue while employed by the former firm, or that the nonlawyer employee has not disclosed any material confidential information and that the hiring firm has taken adequate measures to ensure that no such disclosure will occur. If the client of the hiring firm convinces the trier of fact by the greater weight of the evidence that the nonlawyer employee did not acquire any material confidential information while employed by the former firm, the motion for disqualification of the hiring firm will be denied. However, if the trier of fact is not so convinced, it must then determine whether the evidence rebuts the second presumption, that the nonlawyer employee disclosed material confidential information to the hiring firm. At this point, the burden of going forward shifts to the client of the former firm, who must present evidence that the nonlawyer employee has actually disclosed material confidential information to the hiring firm, or that the nonlawyer employee has worked on the case or will necessarily be required to work on the case, or that the measures taken by the hiring firm to ensure that the nonlawyer employee does not disclose material confidential information are, or will be, ineffective.
Id. at 207-208.