868 So.2d 1266 (2004)
EASTRICH NO. 157 CORPORATION, a Massachusetts corporation, d/b/a Park Terrace Apartments, AEW Capital Management, L.P., a Massachusetts Limited Partnership, d/b/a Park Terrace Apartments, and Gables Residential Services, Inc., a Texas corporation, f/k/a Trammel Crow Residential Services, Inc., a Texas corporation, d/b/a Park Terrace Apartments, Petitioners,
v.
Claudia C. GATTO. Respondent.
No. 4D03-4443.
District Court of Appeal of Florida, Fourth District.
March 24, 2004.
*1267 Nancy W. Gregoire of Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Fort Lauderdale, for petitioners.
Steven H. Osber of Rothstein, Rosenfeldt, Dolin & Pancier, P.A., Fort Lauderdale, for respondent.
PER CURIAM.
Eastrich No. 157 Corporation seeks relief from an order that disqualified its counsel. See, e.g., Koulisis v. Rivers, 730 So.2d 289 (Fla. 4th DCA 1999). We grant the petition.
The underlying action involves a premises liability claim. The employee at issue worked as a legal secretary for plaintiff/respondent's counsel. After being terminated from her employment as a secretary with the plaintiff's firm, the employee at issue was given the opportunity to work part time for Eastrich's attorney's firm. As an independent contractor the former employee worked at the opposing firm for two days, for five hours each day entering billing data into the computer. The billing records did not concern the underlying case. Albeit reluctantly, the trial court looked to Koulisis, and granted the motion to disqualify defense counsel.
In Koulisis we held that once a party moving for disqualification had established a prima facie case for attorney disqualification, the burden of proof shifted to the law firm whose disqualification was sought. Its burden was to demonstrate by the greater weight of the evidence that the secretary had no actual knowledge of any confidential information material to the case. Through this petition, Eastrich asks this court to reconsider our opinion in Koulisis in favor of the view allowing for the screening of non-lawyer employees. See, e.g., Stewart v. Bee-Dee Neon & Signs, Inc., 751 So.2d 196, 198-99 (Fla. 1st DCA 2000); City of Apopka v. All Corners, Inc., 701 So.2d 641 (Fla. 5th DCA 1997); Esquire Care, Inc. v. Maguire, 532 So.2d 740 (Fla. 2d DCA 1988).
We adhere to our opinion as stated in Koulisis. but find it distinguishable from the case before us. As detailed above, the employee herein was not hired as an employee or legal secretary by the opposing party's firm, nor did she perform any secretarial duties. Although there is no apparent dispute that during her employment at plaintiff's counsel's firm she was privy to privileged information concerning the case, her brief, and now-completed, employment in opposing counsel's firm, in a non-legal capacity, represents an exception to the rule in Koulisis.
*1268 CERTIORARI GRANTED AND ORDER QUASHED.
POLEN, KLEIN and TAYLOR, JJ., concur.